## ONTARIO LAND COMPANY v. YORDY.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 59. Argued January 7, 1909.—Decided February 1, 1909.

Although a description may not be technically correct, if it identifies the land it will sustain a conveyance, or, as in this case, an assessment for taxes, and notice of sale therefor when delinquent; and, if the owner knows that the property so described is his, he is not, by reason of the deficient description, deprived of his property without due process of law.

Where, as in the State of Washington, tax proceedings are *in rem*, owners are bound to take notice thereof and to pay taxes on their property, even if assessed to unknown or other persons; and, if an owner stands by and sees the property sold for delinquent taxes, he is not thereby deprived of his property without due process of law.

44 Washington, 239, affirmed.

On. May 16, 1889, plaintiff's grantors, Chester A. Congdon and Clara B. Congdon, his wife, then the owners of the west half (W. ½) of the southeast quarter (S. E. ¼) and the east half (E. ½) of the southwest quarter (S. W. ¼) of section twenty-four (24), in township thirteen (13) north, range eighteen (18) east, Willamette meridian, excepting ten acres which belonged to Charles M. Holton, platted their land as "Capital Addition to North Yakima." According to the plat, in the central portion was a body of land marked ".reserved" and not divided into lots and blocks. If it had been so divided the ground would have made four blocks, and to be in harmony with the other numbering would have been blocks 352, 353, 372 and 373. Nothing was shown on the plat to indicate the meaning of the term "reserved," nor the use to which the tract was to be applied. For the years 1892, 1893, 1894 and 1895 the proper assessor listed and assessed for taxation with other real estate that which he described as blocks 352 and 372 in "Capital Addition to North Yakima." All taxes on the property so listed for these years became delinquent. The county foreclosed the same in proceedings conforming to the statutes of Washington, and under the decree the property was ·sold and a tax deed executed to the defendant Jay Yordy, who paid all subsequent taxes levied thereon. After the platting by Congdon and wife, and in 1890, they deeded all the land to the plaintiff, describing it not by lots and blocks, but by the Government descriptions, and with no allusion to the Capital Addition to North Yakima. In September, 1904, after the tax deed had been executed, delivered and recorded, the plaintiff platted that portion of Capital Addition marked "reserved" as "Heerman's Addition to North Yakima," and subdivided said reserved tract into four blocks, numbered from 1 to 4 inclusive, each block being subdivided into 16 lots. The defendant Jay Yordy had already taken possession of the tract purchased by him, claiming it under his tax deed. On March 17, 1905, the plaintiff brought this action against the defendants to recover the property, describing it as lots in blocks 1 and 2 of Heerman's Addition.

The plaintiff had actual knowledge of the fact that an attempt was being made to levy and collect taxes upon that portion of its property marked "reserved;" it denied the validity of such taxes in interviews with two county treasurers and stood quietly by during the foreclosure proceedings and tax sale. With full knowledge it permitted the purchaser to make his purchase without any protest, and only thereafter platted the reserved tract as Heerman's Addition to North Yakima. The trial court entered judgment in favor of the plaintiff, but that judgment was reversed by the Supreme Court of the State, which ordered a judgment in favor of the defendants. 44 Washington, 239. Thereupon the case was brought here on error.

*Mr. Arcadius L. Agatin*, with whom *Mr. William W. Billson* was on the brief, for plaintiff in error:

These lands were not described in the tax proceedings. So held, by the United States Circuit Court, in a case involving the same tax sale of the other half of the same unplatted tract. *Ontario Land Co.* v. *Wilfong*, 162 Fed. Rep. 999; *Rokendorff* v. *Taylor*, 4 Pet. 349; *Baldwin* v. *Winslow*, 2 Minnesota, 213; *Tallman* v. *White*, 2 N. Y. 66; *Zink* v. *McManus*, 121 N. Y. 259; *Miller* v. *Williams*, 135 California, 183, 185; *Schattler* v. *Cassinelli*, 56 Arkansas, 172; *Jones* v. *Pelham*, 84 Alabama, 208; *People* v. *Mahoney*, 55 California, 286; *Greene* v. *Lunt*, 58 Maine, 518, 534; *Bidwell* v. *Webb*, 10 Minnesota, 59; *Jackson* v. *Sloman*, 117 Michigan, 126; *Clemens* v. *Rannells*, 34 Missouri, 583; *Wooters* v. *Arledge*, 54 Texas, 395; *Jackson* v. *Delaney*, 13 Johns. 552; *Mitchell* v. *Ireland*, 54 Texas, 301; Kleber, Void Sales, § 354, and cases cited.

The lack of description is not cured by the owner's personal knowledge of the tax, whether accidentally derived, or otherwise. The Washington tax proceeding is purely *in rem*. *Williams* v. *Pittock*, 35 Washington, 271; *Woodward* v. *Taylor*, 33 Washington, 1; *Spokane* v. *Abitz*, 80 Pac. Rep. 192; *Security Trust Co.* v. *Lexington*, 203 U. S. 323, 332.

It is not enough that the owners may by chance have notice,

or that they may, as a matter of favor, have a hearing. The law must require notice to them and give them a right to a hearing and an opportunity to be heard. *Stuart* v. *Palmer*, 74 N. Y. 188, 195; *Railroad Tax Cases*, 13 Fed. Rep. 722, 753; *Roller* v. *Holly*, 176 U. S. 398, 409.

The tax proceedings not having described the property, were not, as against it, due process of law. *Ontario Land Co.* v. *Wilfong*, 162 Fed. Rep. 999.

A description was indispensable. Ballinger's Code, §§ 1749, 1751, 1751½, 1751*b*.

There can of course be no valid judgment *in rem* without either an actual seizure, or some notice-conveying act which the law can treat as a constructive seizure, of the *res*. *Windsor* v. *McVeigh*, 93 U. S. 274; *Leigh* v. *Greene*, 193 U. S. 79; *Longyear* v. *Toolon*, 209 U. S. 414; *Londoner* v. *Denver*, 210 U. S. 373.

The state judgment in this case was wanting in due process, in that it awarded to defendants affirmative relief upon a distinct cause of action which had not been pleaded, and to which therefore the jurisdiction of the court did not extend.

It assumes to supplant the title by force of a tax judgment and sale upon whose validity a hearing was denied. Ballinger's Code, §§ 4912, 4913.

*Mr. Benjamin S. Grosscup* for defendants in error:

It is the policy of the State of Washington to sustain tax titles. Errors of a technical character in assessments and foreclosure proceedings are disregarded. So long as substantial justice is done, real estate is not permitted to escape the burden of taxation, and the title to land is not permitted to remain for years under the cloud of a title forfeited by the owner's failure to promptly bear his share of the burden of government. *Spokane Falls & N. Ry. Co.* v. *Abitz*, 38 Washington, 8; *Carson* v. *Titlow*, 38 Washington, 196; *Rowland* v. *Eskeland*, 40 Washington, 253; *Shipley* v. *Gaffner*, 7 Wash. Dec. 400; *S. C.*, 93 Pac. Rep. 211.

A tax law is within the fundamental requirement of due

process if the owner at some stage is given opportunity to be heard, and a requirement that he shall give security to pay or deposit the just amount of tax as a condition to the prosecution of a suit is not a denial of a Federal right. *McMillen* v. *Anderson*, 95 U. S. 37.

The courts of Washington exercise broad revisory power over the acts of taxing officers. *Templeton* v. *Pierce County*, 65 Pac. Rep. 553.

This court will not look beyond the Federal question unless such Federal question has been decided erroneously by the state court. *McLaughlin* v. *Fowler*, 154 U. S. 663.

The state court having correctly decided the legal question and examined into the question of fact as to whether the property involved was taxed, this court will not review that finding. *Dower* v. *Richards*, 151 U. S. 658; *King* v. *Portland*, 184 U. S. 61, 70.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

The contention of plaintiff in error in the state courts, as shown by the record, and also stated in the certificate of the Chief Justice of the Supreme Court of the State, is that sustaining the tax proceedings, divests it of its property without due process of law, in contravention of the Fourteenth Amendment to the Constitution of the United States. At the time of those proceedings, while the land in controversy was within the limits of the Capital Addition to North Yakima, it had not been divided into lots and blocks, but was simply marked on the official plat "reserved." In other words, according to the record there was no such property as that described, and nothing to identify any property. There being no legal description, no official identification, no one could, by an examination of the records, know what property was the subject of the proceedings. Hence, they were void, and no one was bound to take notice of them. But land may be identified, although not tech-

nically or officially described, and the identification may be sufficient to sustain a contract, or conveyance. The owner of property is bound to take notice of the time and place provided for tax proceedings. He knows that his property is subject to taxation. The plaintiff was the owner of the entire Capital Addition to North Yakima. It was charged with notice of the fact of the platting and the condition shown by the plat. Examining the tax proceedings, it would find that four blocks not named on the plat, but within that addition, were listed and assessed for taxation. It would also know that if the tract reserved had been divided into blocks and lots and numbered in harmony with that of the balance of the addition, blocks 352, 353, 372 and 373 would occupy the place of the tract marked "reserved." It, therefore, had notice by the record that the authorities were listing and assessing for taxation certain blocks and lots which occupied the place marked upon the official plat as "reserved." It also had notice that that tract marked "reserved" was not otherwise listed or assessed for taxation, and that if its entire property was listed and assessed, the words "blocks numbered 352," etc., were used by the authorities for describing the "reserved" tract. Could it ignore these facts because the description in the tax proceedings was not officially or technically correct or sufficient? But the case does not rest on this presumption. It appears from the testimony of the county treasurers that the plaintiff knew that the authorities were attempting to assess and tax this "reserved" tract under the description of blocks 352, etc., so that it had not merely notice from the record, but notice in fact, that the tract marked "reserved" was being assessed for taxation under the description of blocks 352, etc., and in no other way. The general rule in reference to description in conveyances is thus stated by Jones on Real Property, § 323:

"The first requisite of an adequate description is that the land shall be identified with reasonable certainty, but the degree of certainty required is always qualified by the application of the rule that that is certain which can be made certain. A

deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it was intended to convey. The office of a description is not to identify the land, but to furnish the means of identification. The description will be liberally construed to afford the basis of a valid grant. It is only when it remains a matter of conjecture what property was intended to be conveyed, after resorting to such extrinsic evidence as is admissible, that the deed will be held void for uncertainty in the description of parcels."

The statutes of Washington provide that:

"Any judgment for the deed to real estate sold for delinquent taxes rendered after the passage of this act, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or assessments have been paid, or the real estate was not liable to the tax or assessment." 1 Ballinger's Code, Statutes of Washington, § 1767.

In Washington proceedings for the collection of taxes upon real property are *in rem. Spokane Falls & Northern Railway* v. *Abitz,* 38 Washington, 8; *Allen* v. *Peterson,* 38 Washington, 599; *Rowland* v. *Eskeland,* 40 Washington, 253; *Shipley* v. *Gaffner,* 48 Washington, 169, 171.

In this last case it was said by the court:

"We have repeatedly held that these tax foreclosure proceedings are *in rem,* and not against the person of the owner, and that owners are bound to take notice of the property they own and pay the taxes thereon and defend against foreclosure for delinquent taxes, even though the property is assessed to unknown persons or to other persons." See also *Carson* v. *Titlow,* 38 Washington, 196, 198.

We are of opinion that the Federal question in this case was rightly decided, and the judgment of the Supreme Court of Washington is

*Affirmed.*