## ONTARIO LAND COMPANY *v.* WILFONG.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 160. Argued January 24, 1912.—Decided February 26, 1912.

Where the bill attacks the constitutionality of the state law as applied by the state court, and the application of a case heretofore decided by this court runs to the merits, the motion to dismiss will be denied.

The refusal of the courts of the State to consider as essential to proceedings to foreclose tax liens certain ministerial duties, the omis-

sion of which can in no way affect the rights of the property holder, does not amount to denial of due process of law.

The tax laws of the State of Washington involved in this case are clear and simple in their requirements; and the judgment of the Supreme Court of that State attacked in this suit did not deprive plaintiff in error of his property without due process of law, either because of lack of compliance with the statute or of sufficiency of notice to the owner or description of the property. *Ontario Land Co.* v. *Yordy*, 212 U. S. 152.

Where a decision is based on two grounds either of which is sufficient to sustain it, neither is *obiter.* *Union Pacific R. R. Co.* v. *Mason City R. R. Co.*, 222 U. S. 237.

171 Fed. Rep. 51, affirmed.

THE facts, which involve the validity under the Fourteenth Amendment of certain tax proceedings in the State of Washington, are stated in the opinion.

*Mr. Arcadius L. Agatin*, with whom *Mr. William W. Billson* was on the brief, for appellant:

Lack of adequate description renders tax titles void and the question is not foreclosed by former decisions. *The Ontario Land Co.* v. *Yordy*, 212 U. S. 152; 44 Washington, 239, does not control this case.

The question in the *Yordy Case* did not depend upon the sufficiency of description at all, and that question was not involved, except as an abstract question. In this case the question of description is vital, as a question of jurisdiction and not as a question of due process.

The Washington tax proceeding is purely *in rem.* The divestment of title through such a proceeding is manifestly impossible without a description of the property affected.

The tax summons, notice, judgment and tax deeds are absolutely void for want of description.

Jurisdictional and other defects render tax judgment and deeds null and void. The judgment is void because of failure to file application.

By § 4878, Bal. Code, under which service was at-

tempted to be made in the tax proceedings here involved, the requirement for filing the complaint before publication is jurisdictional. *Barber* v. *Morris*, 37 Minnesota, 194; *Murphy* v. *Lyons*, 19 Nebraska, 689; 28 N. W. Rep. 328; *Anderson* v. *Coburn*, 27 Wisconsin, 558; *Witt* v. *Meyer*, 69 Wisconsin, 595; 17 Ency. Pl. & Pr. 51–56; Kelber, Void Judicial Sales, § 122; 35 N. W. Rep. 25; 61 Wisconsin, 185; 99 Missouri, 638; *McManus* v. *Morgan*, 80 Pac. Rep. 786; *Klenk* v. *Byrne*, 143 Fed. Rep. 1008.

Failure to file certificate of delinquency was fatal to jurisdiction. *Barber* v. *Morris*, 37 Minnesota, 194; 33 N. W. Rep. 559; *Galpin* v. *Page*, 18 Wall. 350.

The tax judgment is void for want of jurisdiction, because the tax summons is not in conformity to law. The summons does not inform the defendants that any complaint was filed in court, or that it was filed at all. In tax foreclosure proceedings, the form of summons and its contents must conform to § 4878, Bal. Code. *Williams* v. *Pittock*, 35 Washington, 271; *Woodham* v. *Anderson*, 32 Washington, 500; *McManus* v. *Morgan*, 80 Pac. Rep. 786; *Bartels* v. *Christianson*, 90 Pac. Rep. 658.

The failure in the summons to state that the complaint has been filed is a substantial departure from the statutory requirements for a summons, and, therefore, the court acquired no jurisdiction to enter judgment and the judgment entered thereon is wholly void. Brown on Jurisdiction, § 41; Wade's Law of Notice, 2d ed., § 1030; 26 Am. & E. Ency. Law, p. 692; Sutherland on Statutory Const. 454–455; Maxwell on Interpretation of Statutes, 333–337; Blackwell on Tax Titles, 287, 288; *Odell* v. *Campbell*, 9 Oregon, 298, 305; *Lynam* v. *Milton*, 44 California, 630; *Hayes* v. *Lewis*, 21 Wisconsin, 663; *Kendell* v. *Washburn*, 14 How. Pr. 380; *Durham* v. *Betterton*, 79 Texas, 223; *Fernekes* v. *Case*, 75 Iowa, 152; *Black* v. *Clendinin*, 3 Montana, 44; *Caulkins* v. *Miller*, 55 Nebraska, 601; *Delaware* v. *Bank*, 77 S. W. Rep. 628 (Tex.); 20 Ency.

Pl. & Pr. 1115; *Cleffern* v. *Tomlinson,* 62 Minnesota, 197.

The judgment is void because the summons required answer "within 60 days after first publication" instead of "within 60 days after the date of the first publication." *Woodham* v. *Anderson,* 32 Washington, 500; *Thompson* v. *Robbins,* 32 Washington, 149; *Bailey* v. *Hood,* 80 Pac. Rep. 559; *Dolan* v. *Jones,* 79 Pac. Rep. 640; *Young* v. *Droz,* 80 Pac. Rep. 810.

The tax deeds are void because no notice of sale was posted or otherwise given as required by statute under which the deeds were executed. Bal. Code, § 1756. This requirement is mandatory, and the failure to observe it makes the sale void. *Martin* v. *Barbour,* 140 U. S. 634; *McCord* v. *Sullivan,* 80 N. W. Rep. 989; *Olson* v. *Bagley,* 37 Pac. Rep. 37; *Sweigle* v. *Gates,* 84 N. W. Rep. 481; *Blackwell* y. *First National Bank,* 63 Pac. Rep. 43; *Baumgardner* v. *Fowler,* 34 Atl. Rep. 537; *Olson* v. *Phillips,* 80 Minnesota, 339; *Rustin* v. *Merchants, &c.,* 47 Pac. Rep. 300; *Alexander* v. *Gordon,* 101 Fed. Rep. 91, 96; Black on Tax Titles, 205; 2 Cooley on Taxation, 928–930 (3d ed.).

The record in the case at bar is entirely silent as to notice of the sale being posted. This being so, the fact should be deemed established that there was no such notice, because the burden is on the tax purchaser to show that the notice was posted, and objection to their introduction in evidence on that ground should be sustained. *Williams* v. *Peyton,* 4 Wheat. 77; *Ransom* v. *Williams,* 2 Wall. 313; *State* v. *Inhabitants,* 52 Atl. Rep. 238; Black on Tax Titles, 2d ed., §§ 346, 443; 2 Cooley on Taxation, 915, 916.

The burden of proof as to notice of sale is not changed by Bal. Code, § 1767, *supra.*

This statute only makes the tax deed evidence of the proceedings at the sale; such as, that the sale was on Saturday, that it was at public auction and to the person offer-

ing to pay the amount for the least quantity of land, that it was between the hours of 9 a. m. and 4 p. m., etc. The rule of evidence provided by the statute quoted does not relate to any proceedings prior to the sale. 2 Cooley on Taxation, 3d ed., 1006; *Wilson* v. *Lemon*, 23 Indiana, 433; *Breewman* v. *Bingham*, 5 N. Y. 366; *Westbrook* v. *Willey*, 47 N. Y. 458; *Carpenter* v. *Shinners*, 41 Pac. Rep. 473 (Cal.); *Kepley* v. *Fouke*, 58 N. E. Rep. 303 (Ill.); *King* v. *Cooper*, 38 S. E. Rep. 924 (N. Car.); *Johnson* v. *Harper*, 18 So. Rep. 198 (Ala.); *Carriham* v. *Sieber*, 82 Pac. Rep. 592 (Colo.); *Pelham* v. *Beggs*, 72 Pac. Rep. 1077 (Colo.); *Ayer* v. *Dillard*, 33 So. Rep. 714 (Fla.).

*Mr. Benjamin S. Grosscup*, with whom *Mr. Ira P. Englehart* was on the brief, for appellees.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Suit to quiet title to certain real estate situate in North Yakima, State of Washington, against certain tax deeds issued to appellees by the county treasurer of Yakima County.

It was brought in the Circuit Court for the Eastern District of Washington, Southern Division. A decree was entered in favor of appellant. 162 Fed. Rep. 999. It was reversed by the Circuit Court of Appeals. 171 Fed. Rep. 51.

The case depends upon the sufficiency of the tax deeds which appellant assails in its bill, after averments of diversity of citizenship, alleging the following: The land is part of Capitol Addition to North Yakima and is designated on a plat thereof as "Reserved." It appears from the plat which is attached to the bill that the tract is surrounded by blocks, the lines of which and of the streets, if extended over the tract, would constitute it

blocks 352, 372, 353 and 373. The "Reserved" was platted as Herman's Addition and a plat duly recorded in the office of the county recorder of Yakima County on the eighth of December, 1904, and since the execution and recording of the plat the "Reserved" has not been otherwise known or designated than by lots and blocks, according to the recorded plat. Before the recording of the plat the "Reserved" tract was not known or designated by any other than that name, and as a matter of fact there were not upon the map blocks or lots designated as blocks 352, 372, 353 and 373, nor any block or parcel of land to which such description could be made to apply, and, it is averred that, therefore, the description in the tax proceedings were utterly void on its face for the reason that it does not describe any land.

In 1901 Yakima County commenced proceedings in the Superior Court of Yakima County, the county being plaintiff and Edward Whitson and a large number of other persons were named as defendants, which included, among other lands, blocks 352, 353, 372 and 373, Capitol Addition to North Yakima. The proceedings purported to be under the laws of Washington for the foreclosure of tax liens and culminated in a judgment and tax deeds. A pretended summons and notice were issued and published, but neither appellant nor any person was ever made or named a party defendant in the proceedings, either in the application for judgment or in the tax summons or notice as filed or published nor in the tax judgment, and the owners of the blocks were designated as "unknown." The judgment was entered by default, and neither appellant nor any other person ever appeared or answered in the proceeding.

Appellees' claim of title rests exclusively on the tax judgment and deeds and is based upon a certain decision of the Supreme Court of the State in a case in which appellant was plaintiff and one Jay Yordy et al. were

defendants, which case involved lands within the tract designated "Reserved" herein, the decision of which was based "upon pretended principles of law which the court in that case applied in palpable violation of the provisions of the Fourteenth Amendment of the Constitution of the United States."

It is alleged that by the 'law of the land' in order to constitute a proper and legal notice under the Fourteenth Amendment it is necessary that in a tax proceeding *in rem* the description of the property sought to be sold must be so full and clear as to disclose to persons of ordinary intelligence, without resort to inferences, what property is thus intended to be taken. It is further alleged that the notice in the tax proceedings had not that sufficiency and that, hence, to hold the judgment and deeds valid would deprive appellant of its property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States. The protection of the Amendment is claimed "and that because of the aforesaid unconstitutional decision of the State Supreme Court, the principles of which, if applied here, may deprive your orator of its property in violation of the said Fourteenth Amendment, your orator invokes the protection of said article in this case, and hereby claims protection thereunder against the pretended claims of said defendants" (appellees).

There are other allegations, to the following effect: The judgment and tax deeds are void, because the court was without jurisdiction of the proceedings because the notice of summons does not contain the specification of process, notice or summons as required by the laws of Washington, either in form or substance; that the summons was never served except by a pretended publication, and that neither it nor the application for judgment or complaint for the foreclosure of the tax liens was ever filed in the office of the clerk of the Superior Court; that

no certificate of delinquency upon which the proceedings were based was ever filed in that court as required by the laws of Washington, and that no complaint or application for judgment was ever filed in the office of the clerk of the court until the day of the entry of judgment.

That no notice of sale was ever given or posted as required by law, and that the sale by the county treasurer of block 373 for $76.77 and block 353 for $76.77 was wholly unauthorized by the judgment and in excess of his authority; that appellant is willing and has offered to pay into court the amount of taxes assessed against the property which may be found to be justly due. A copy of the decision of the State Supreme Court in the *Yordy Case* is attached to the bill.

The answer of appellees denied the allegations of the bill, and set up title under the tax proceedings and the sale and deed thereunder.

They alleged that the land, by the description of blocks, was taxed for state, county and municipal purposes for several years prior to September, 1902, and that the taxes being delinquent on said blocks, the county of Yakima filed in the office of the clerk of the county its summons, notice and petition to foreclose the tax lien of the county, the case being entitled, *Yakima County, State of Washington, Plaintiff*, v. *Edward Whitson et al., Defendants*, and duly published the same "by law made and provided." That thereafter, such proceedings being had, a judgment and decree was entered foreclosing the tax lien, the court adjudging the land subject to taxation, and that the taxes due upon it were delinquent, and directed the land to be sold.

It is alleged that the judgment was duly filed for record in the office of the clerk and recorded, and that the county treasurer gave notice of sale and sold the property, as required by law, to appellees, and executed a deed therefor to them.

It is further alleged that appellant had not paid taxes on the land for many years, knew that taxes thereon were delinquent, knew of the fact of assessment, and all the subsequent proceedings and sale, "and permitted the same to be conducted without making any objection whatsoever," and is therefore estopped to claim any interest against appellees.

A motion is made to dismiss, on the ground that the bill is based on diversity of citizenship, that the decision of the Circuit Court of Appeals decided the case on questions of state and general law, and that the only question of a Federal nature has been decided by this court adversely to appellant in *Ontario Land Co.* v. *Yordy*, 212 U. S. 152, "thereby removing from the consideration of the Circuit Court of Appeals any substantial Federal question."

The motion is denied. The bill attacks the constitutionality of the state law as applied by the Supreme Court of the State, and whether the *Yordy Case* applies runs into the merits.

It will be observed that as grounds of suit the following propositions are presented by the bill: (1) The insufficiency of the description of the land, it never having been known as lots and blocks but designated or marked on the plat of Capitol Addition as "Reserved," and always known and designated as such. (2) The court acquired no jurisdiction of the property because the notice of summons was void on its face, for the reason that it did not contain the specifications of process, notice or summons in such cases required by the laws of Washington, and did not comply with the statute either in form or substance. (3) There was no service of summons except by publication, but that prior to the publication neither the summons nor the application for judgment nor the complaint was ever filed in the office of the clerk of the Superior Court. (4) No certificate of delinquency was filed in the office of the clerk of the

court as required by the laws of Washington, and no complaint or application for judgment until the day of entry of the judgment. (5) No notice of sale under the judgment was ever given or posted as required by law, and that the sale was in excess of the authority of the county treasurer.

All these propositions but the first rest upon the contention that the laws of Washington were not complied with in the particulars mentioned. For instance, it is contended that the certificate of deliquency was not filed in the office of the clerk of the court and no complaint or application for judgment until the day of the entry of judgment. This is the most important of the contentions, and we will first dispose of it.

The laws of Washington provide that any day after taxes are delinquent the treasurer of the county shall have the right and it is his duty upon demand and payment of the taxes and interest to issue a certificate of delinquency against such property, the holder of which may at any time after the expiration of three years give notice to the owner of the property that he will apply to the Superior Court of the county in which the property is situated for a judgment foreclosing a lien against the property. The contents of the notice and the time for appearance are prescribed, and the county attorney is directed to furnish forms to the certificate-holder.

After the expiration of five years from the date of delinquency if no certificate has been issued the county treasurer is required to issue certificates of delinquency to the county and file the certificates with the clerk of the court, and the treasurer shall thereupon, with the assistance of the county prosecuting attorney, proceed to foreclose in the name of the county the tax liens embraced in such certificates, and the same proceedings shall be had as when the certificates are held by individuals.

Summons may be served and notice given exclusively

by publication in one general notice describing the property as the same is described in the tax rolls. The certificates of delinquency may be general, including all property, the proceedings to foreclose may be brought in one action, and unknown owners, described as such, and all persons owning or claiming the property are required to take notice of the proceedings and of all steps thereunder. And it is provided that the court shall examine each application for judgment for foreclosing the tax lien, hear and determine the matter in a summary manner without other pleading and pronounce judgment as the right of the case may be, for the taxes, penalties, interest and costs, "and such judgment shall be a several judgment against each tract." Ballinger's Code, §§ 1749 *et seq.*

The certificate of delinquency was not filed. It was issued as required by law, and a summons was published and notice given that judgment would be applied for. The application was subsequently made and judgment rendered. This is shown by the judgment roll in the tax proceedings which was introduced in evidence. The application for judgment, after the title of the court and parties, set forth the following:

"Yakima County, plaintiff in the foregoing entitled action, by Wm. B. Dudley, its treasurer and legal representative, respectfully relates as follows:

"That it is the holder of Certificate of Delinquency issued on the 31st day of January, A. D. 1898, by Yakima County, State of Washington, the same being for taxes then due and delinquent, together with penalty, interest and costs thereon, upon real property situate in said county, assessed to the defendants herein for the years and in the amount hereinafter stated.

"That no redemption of said property has been made, and there is now due plaintiff herein on said certificate of delinquency the amounts set forth below, following each description, marked 'total.'"

In the description is the property in suit, assessed to unknown owners.

Foreclosure of the lien was prayed, and that judgment be given against each piece of property.

It also appears from the judgment roll that summons for publication was issued which recited that the county held certificate of delinquency; that the taxes were delinquent, time for appearance designated to defend the action or pay the amount due, and it was stated that in case of "failure so to do," judgment would be rendered foreclosing the lien. Judgment was subsequently entered and the property ordered to be sold. The judgment states as follows:

"This cause having this 2d day of September, 1902, been brought to be heard upon the application for judgment foreclosing tax lien filed herein, and the defendants and each of them having been duly served with notice as by law required, and no appearance having been made by said defendants, or either of them, and upon the proofs adduced, it appearing to the Court that the statements and allegations set forth in said application are true, the Court finds as follows:

"That the plaintiff herein is the owner and holder of Certificate of Delinquency issued on the 31st day of January, 1898, by the County of Yakima, State of Washington, the same being for taxes then due and delinquent, together with penalty interest and costs thereon, upon real property situate in said County, assessed to the defendants herein for the years and in the amount hereinafter stated. That more than five years have elapsed since the original date of delinquency of the taxes for the year 1895, which are included in said certificate of delinquency."

But it is objected that it does not appear that the certificate of delinquency was filed by the county treasurer with the clerk of the court, and that the omission is fatal to the validity of the proceedings.

To the contention the Court of Appeals answered that the filing of the certificate was directory, not mandatory, and, therefore, not jurisdictional, and to sustain this position cited *Washington Timber & Loan Co.* v. *Smith,* 34 Washington, 625. In that case the validity of foreclosure proceedings was attacked on the ground, among others, that the certificate of delinquency was not filed in the clerk's office before publication of summons, and it was hence argued that the court had not acquired jurisdiction of the property. The court, in the foreclosure proceedings, made a *nunc pro tunc* order declaring that the certificates were, in fact, filed before the first publication of summons and not at the time the file mark upon the certificate showed. The Supreme Court decided that the issue of the certificate was the essential thing and gave the court jurisdiction of the cause, and, having jurisdiction, and it appearing by the record that the certificates were filed in time, it followed that the point now raised related to a mere irregularity, which should have been raised in the foreclosure case. The court also ruled that the correction was one that could be made during the progress of the action, and that, therefore, the appellant in the case was estopped to raise the objection in the Appellate Court. The court finally observed: "The summons and its publication, we think, complied with the law. The property owner was, therefore, within the jurisdiction of the court, and was required to take notice of the action. The summons was by publication, it is true, but under § 3, pp. 385, 386, Laws of 1901, 'all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby required to take notice of said proceedings, and of any and all steps thereunder.'"

The language of the court, it must be admitted, is not as precise in distinguishing the elements of its decision as one would like, but we think the ground of its ruling is that jurisdiction having been obtained by the issue

of the certificate and the publication of the summons, the omission to file the certificate in the clerk's office is a defect or irregularity to which objection must be made in the case. In other words, the filing is not jurisdictional, for the court expressed the view that the "delinquency thought to be fatal" (the omission to file the certificate) ". . . could in no manner affect the rights of the appellants" in the action. The conclusion is reasonable. It would yield too much to technicality to give to the omission to file the certificate the controlling effect contended for by appellant. We have seen that the certificate was exhibited to the court and constituted one of the grounds of judgment.

As remarked by Judge Gilbert, speaking for the Court of Appeals: "The revenue and taxation law of Washington is exceptionally lenient to the delinquent taxpayer, and offers him unusual protection in providing that his property may not be sold for delinquent taxes except upon foreclosure proceedings and after a long period of delinquency; three years in the case of foreclosure by an individual certificate holder . . . and five years in the case of foreclosure by the county." In both cases there is public notice given and proceedings in court, time and opportunity enough, we think, even to an accidental or negligent omission to pay taxes, and more than enough to the calculated and culpable delinquency charged against appellants in this case.

The courts of the State have refused to consider as essential to the proceedings in court to foreclose the lien for the taxes the omission of some merely ministerial duty of an officer which in no way could affect the rights of the property owner. *Miller* v. *Henderson, supra,* and *Smith* v. *Newell,* 32 Washington, 369.

In this connection we may observe that the proceedings in this case are the same as those passed on in *Ontario Land Co.* v. *Yordy,* 44 Washington, 239; 212 U. S. 152. It was

contended there, as here, that the proceedings were void because of the failure to file the certificate of delinquency. The Supreme Court of the State declined to consider the contention, holding that it was not open, as the land company had not tendered the delinquent taxes as required by the laws of the State. In this court it was not explicitly urged except in a petition for rehearing. The rehearing was not granted.

The other objections to the validity of the tax proceedings are presented in the briefs of appellant under two heads as to the judgment and one as to the deeds, as follows: (1) The judgment is void because of failure to file the application until the day of the entry of the judgment. (2) The judgment is void for want of jurisdiction because the summons did not inform the defendants in the proceedings "that any complaint was filed in court, or that it was filed at all." (3) The tax deeds are void because no notice of sale was posted or otherwise given.

These grounds of objection are untenable. The laws of Washington are as clear as they are simple in their requirements. They do not require a complaint to be filed before the publication of summons, but provide for an application for judgment after the publication of summons, and the court is explicitly directed to examine the application and to "hear and determine the matter without other pleading." There is a careful avoidance of complexity and expense. The property is proceeded against, and the procedure is made simple. The certificates of delinquency may be issued in one general certificate in book form and unknown owners may be proceeded against as such. And it is provided that all persons owning or claiming to have an interest in the property are "required to take notice of the said proceedings and of any and all steps thereunder." See *Williams* v. *Pittock*, 35 Washington, 271.

It is, however, contended that the Supreme Court of Washington has decided that § 4878 of Ballinger's Code is

applicable to tax proceedings and that it requires "that publication of summons shall not be had until after the filing of the complaint." And it is hence contended that the filing of the complaint before publication is jurisdictional.

The Supreme Court of the State has not decided as contended. It has decided exactly the other way. Indeed, it has held that if there were a total omission to file a complaint the judgment would not be void. *Snohomish Land Co.* v. *Blood,* 40 Washington, 626. *McManus* v. *Morgan,* 38 Washington, 528, 80 Pac. Rep. 786, and *Bartels* v. *Christensen,* 46 Washington, 478, 90 Pac. Rep. 658, are not apposite, being constructions of the statute before its amendment in 1901.

In this connection is urged the very technical objection that "the summons required answer 'within 60 days after the first publication' instead of 'within 60 days after the date of the first publication.'" To sustain this objection *Williams* v. *Pittock, supra,* is cited. It does not sustain the objection. It would be surprising if it did.

The objection to the validity of the deeds is also without merit. Under the laws of the State a tax deed is *prima facie* evidence, not only of the validity of the deed and order under which the sale was made, but also of the regularity of the prior proceedings. *Warren et ux.* v. *Oregon & W. R. R. Co.* (C. C. A. Ninth Circuit), 176 Fed. Rep. 336, and cases cited.

This brings us to the first proposition of appellant, that is, the insufficiency of the description of the land in the certificate of delinquency and in the summons, judgment and order of sale, and that therefore they were inadequate for notice and due process of law. This contention, however, was considered in *Ontario Land Company* v. *Yordy, supra,* and decided adversely to appellant.

As we have seen, the proceedings in that case were those involved in this. It was held that the company was

charged with notice of the platting and the condition shown by the plat of the Capitol Addition to North Yakima, that he had notice from the records of the listing and assessment for taxation of the blocks 352, 353, 372 and 373, and that they would occupy the place marked upon the official plat as "Reserved." The company also "had notice," it was said, "that the track marked 'Reserved' was not otherwise listed or assessed for taxation," and that the blocks "were used by the authorities for describing the 'Reserved' tract." The presumption of knowledge thus arising was fortified, it was said, by actual knowledge "that the authorities were attempting to assess and tax this 'Reserved' tract under the description of blocks 352, &c." Both were grounds of decision. In other words, the decision was not based alone on actual knowledge of what property was intended to be taxed, but upon the sufficiency of the description to identify the land in connection with the notice given to appellant by the record. And this was not *obiter*. *Union Pacific R. R. Co.* v. *Mason City R. R. Co.*, 222 U. S. 237.

A like presumption exists in the case at bar, and there is testimony of like actual knowledge.

*Judgment affirmed.*