[No. 27096.   Department One.   December 23, 1938.]

JOHN LEE et al., Respondents, v. T. J. MAGGARD et al., Appellants.[1]

Edgar P. Reid and J. C. McCoy, for appellants.

Henry W. Parrott, for respondents.

MAIN, J.—This action was brought to recover damages for what is called slander of title. The trial resulted in a verdict in favor of the plaintiffs in the sum of two thousand dollars. The defendants moved for a judgment notwithstanding the verdict, and also for a new trial, both of which motions were overruled, and from the judgment entered upon the verdict, they appeal.

The facts may be summarized as follows: The appellants are husband and wife, and own approximately

[1] Reported in 85 P. (2d) 654; 87 P. (2d) 106.

one hundred forty acres of logged-off land about twelve miles north of the city of Kelso, in Cowlitz county. This tract of land is on the west side of the Pacific highway, and the owners were developing about thirty-five acres thereof for a tourist park. This tract had been cleared and fenced, some cabins had been erected, a building for a grocery store had been constructed, and there was in the process of construction a building in which a restaurant would be operated, and also a gasoline service station.

When the property was in this condition, an agreement was entered into between the appellants and the respondents whereby the latter acquired the right to operate the restaurant and the gasoline station, when they were ready for operation. The contract was dated May 27, 1929, and was to be in force for a period of five years, with the right of renewal.

In May, 1931, Koskey M. Forney, a colored man, had entered into certain negotiations with the respondents, looking to the purchase of the rights which they had under their contract. Without so deciding, we will assume that this contract was a lease rather than merely a concession. At the time, Forney was operating the coffee shop in one of the hotels in Kelso. His plan, if he made the purchase, was to have another colored man operate the restaurant and the gasoline station.

Forney and the party who was to be associated with him drove out from Kelso to the automobile park, known as Maggard's Park, and, when they arrived, Mr. Maggard inquired as to what they were there for. Forney informed him that they were negotiating for the purchase of the lease of the respondents. According to Forney's testimony, Mr. Maggard then said:

"I told him what I was waiting for, and he said 'You can't come in here, because I don't want niggers on

my place, I don't want it and won't stand for it.  I will do everything in my power to prevent you coming in here.'  I said 'If that is the way you feel about it, there is nothing going on, because I do not want to be where I am not wanted.'  That is all I had to do with it."

At this time, one of the respondents approached the parties, and he and Mr. Maggard had a controversy over whether there was any restriction in the contract against subletting or assignment.  The fact is that there was no such restriction.  Forney was not misled by this controversy, because he testified that he had read the lease and knew that there was no restrictive clause.  Subsequently, the present action was instituted, and resulted as above stated.

■  In order to establish an action of that character, it is necessary that the words spoken be false; that they must be maliciously spoken and that they must result in pecuniary loss or injury to the party complaining.  They must also be spoken with reference to some pending sale or purchase of property, or an action will not lie, and it must be such a slander as goes to defeat the plaintiff's title.

In Newell, Slander and Libel, § 162, it is said:

"Three things are necessary to maintain an action for slander of property or of title:

"(1)  The words must be false.

"(2)  They must be maliciously published.

"(3)  They must result in a pecuniary loss or injury to the plaintiff.

"The words must be spoken pending some treaty or public auction for the sale or purchase of the property, or the action will not lie, and it must be such a slander as goes to defeat the plaintiff's title.  And unless the plaintiff shows falsehood and malice in the defendant, and an injury to himself, he establishes no case to go to the jury."

It will be noted that this text says that the slander must be such "as goes to defeat the plaintiff's title."

According to the testimony of Forney, he did not abandon the negotiations for the purchase on account of any slander of title, but only because Mr. Maggard objected to him personally. The slander of title, if there was such, therefore, had nothing to do with the termination of the negotiations. Under these circumstances, the slander not having effected a termination of the negotiations, but they being terminated for a wholly different reason, the evidence does not establish facts from which the jury had a right to find liability.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action.

STEINERT, C. J., BLAKE, ROBINSON, and GERAGHTY, JJ., concur.

[Department One.  February 15, 1939.]

PER CURIAM.—Since the opinion in this case was written and filed, a petition for rehearing has been presented, in which our attention is called to the fact that there is a motion to dismiss the appeal pending in this court and undisposed of. The motion was heard prior to the time of the hearing on the merits and was passed to the merits. When the opinion in the case was written, the motion to dismiss the appeal was overlooked.

The principal ground urged for dismissal appears to be delay in perfecting the appeal. The affidavits show that the delay was due to negotiations for settlement between the parties, and also failure of the then attorney for the respondents to return the copy of the statement of facts which had been served upon him. All the jurisdictional steps were taken within the time required by law.

The motion to dismiss the appeal will be denied.