[No. 37799. Department One. July 1, 1965.]

HAROLD W. KINCAID et al., Respondents, v. DONALD B. BAKER et al., Appellants.

DELIA M. BAKER, Appellant, v. EDWARD E. TORCHIO et al., Respondents.*

Parr & Baker and William Lee Parr, for appellants.

O'Leary, Meyer & O'Leary and Foster & Foster, for respondents.

PER CURIAM.—March 17, 1945, Bush T. Baker and Delia M. Baker, his wife, sold to Blaine Hopp and wife, on contract, two parcels of real estate which were separated by a strip of land 40 feet wide. The contract provided: "Road to be provided by sellers, for ingress and egress to and from the property to the county road." The 40-foot divider strip was not designated in the contract as the contemplated easement area.

October 17, 1949, Blaine Hopp and wife assigned their equity in the contract to Edward E. Torchio and wife. October 18, 1949, Edward E. Torchio and wife, having paid the balance of the contract in full, received a deed from Bush T. Baker and wife to the two parcels of real estate, including the 40-foot strip which had previously divided the two parcels. The deed also granted

*Reported in 403 P.2d 888.

an easement for road 40 feet in width along that part of said Lot 4 adjacent to the east boundary of the above described tract and running S 2° 33′ W to county road known as Whitney Road along the south line of said Section 28.

This deed is made in fulfillment of a contract for the sale and purchase of the property made between grantors herein as sellers and Blaine Hopp and wife, as purchasers, dated March 17, 1945 and the warranties herein are limited to said date.

May 20, 1963, Delia M. Baker, widow of Bush T. Baker, commenced this action to reform the deed to the Torchios, executed October 18, 1949, contending that conveyance of the 40-foot divider strip was erroneously included in the deed; that it constituted a unilateral mistake on her part, and that the Torchios were guilty of inequitable conduct in not apprising her of the error.

The reformation action proceeded to trial on the merits. The only evidence presented by plaintiff was four exhibits —the warranty deed, two diagrams of the area in question, and the contract for the sale of the land to Blaine Hopp and wife, which contains a description of the land that is at variance with the description in the warranty deed. The plaintiff offered no oral testimony, and rested her case.

The defendants' motion challenging the sufficiency of the evidence to sustain plaintiff's claim for reformation of the deed was granted.

From the judgment of dismissal, plaintiff appeals.

On appeal, appellant contends that the record establishes that the description in the deed was a unilateral mistake on the part of the vendors, and that the Torchios were shown to be guilty of inequitable conduct which entitles appellant to reformation.

In an action to reform a deed upon the ground of unilateral mistake on the part of the vendor, together with inequitable conduct on the part of the vendee, the burden of proof rests upon the party seeking reformation. The court will not grant the equitable remedy of reformation upon a probability or upon a mere preponderance of proof, but only upon certainty of error. *Slater v. Murphy*, 55 Wn.2d

892, 898, 339 P.2d 457 (1959), and cases cited. The evidence to sustain reformation must be clear, cogent, and convincing. *Gammel v. Diethelm*, 59 Wn.2d 504, 507, 368 P.2d 718 (1962); *Slater v. Murphy, supra; Bergstrom v. Olson*, 39 Wn.2d 536, 236 P.2d 1052 (1951).

Appellant's evidence established only that the description in the deed was at variance with that in the contract. There was no evidence that the variance was not known to appellant or that the Torchios were guilty of inequitable conduct. The proof fell far short of meeting the standards required to invoke the reformation of a deed.

The trial court did not err in dismissing the claim.

We have not discussed the other claim in this consolidated appeal (*Kincaid v. Baker*) for the reason that the issues here resolved are conclusive of both appeals.

The judgment is affirmed.