[No. 99-41043-3.    Division Three.    July 3, 1970.]
ASOTIN COUNTY PORT DISTRICT, *Appellant,* v. CLARKSTON
COMMUNITY CORPORATION, *Respondent.*

*Little & Jones* and *Jay Roy Jones,* for appellant.
*Charles T. Sharp* and *Leslie T. McCarthy,* for respondent.

MUNSON, J.—Asotin County Port District brought a combined action to: (1) quiet title to certain portions of land claimed to be owned by Clarkston Community Corporation, and (2) reform a deed given by defendant's predecessor, Lewiston-Clarkston Improvement Company, to plaintiff's predecessor, Asotin County, in 1937. The trial court held in favor of Clarkston Community Corporation in both actions. Plaintiff appeals, alleging the trial court's findings of fact and conclusions of law are not supported by the evidence. We affirm the judgment of the trial court.

*Quiet Title Action*

Portions of land involved in this action were originally subject to a 1938 tax-foreclosure proceeding by Asotin

County. The parcels were described in the certificate of delinquency and the tax-foreclosure summons as follows:

Legal description of all properties described herein is on file in the County Treasurer's office.

. . .

Taxes on part of Lot 5, Section 17, Township 11 N. R. 46 E. W. M. for 1931, principal, interest and costs $6.92.

Taxes on Part of Lot 5, Section 17, Township 11 N. R. 46 E. W. M. for 1931, principal, interest and costs $16.38.

. . .

Taxes on Part of Lot 5, Section 17, Township 11 N. R. 46 EWM for 1931, principal, interest and costs $25.26.

Taxes on part of Lot 5, Section 20, Township 11 N. R. 46 EWM for 1931, principal, interest and costs $17.85.

Following the conclusion of the 1938 tax-foreclosure proceeding and the issuance of deeds, Asotin County brought an action to quiet title in themselves to property described as:

2.30 Acres in Lot 5, Sec. 17, Twp. 11, N.R. 46, sold for $23.30, 1931 Tax and Costs, assessed to the Lewiston-Clarkston Improvement Company.

. . .

2.14 Acres in Lot 5, Sec. 17, Twp. 11 N.R. 46, sold for $25.26, 1931 Tax and Costs, assessed to the Lewiston-Clarkston Improvement Company.

2.01 Acres in Lot 5, Sec. 20, Twp. 11, N.R. 46, sold for $17.85, 1931 Tax and Costs, assessed to the Lewiston-Clarkston Improvement Company.

In the latter action to quiet title the Lewiston-Clarkston Improvement Company was not specifically named as a party defendant. After listing the named defendants in that action, the county included the following:

and any and all other person or persons, firms or corporations claiming any right, title, lien, estate or interest in and to any of the real estate described in the summons herein, . . .

The Lewiston-Clarkston Improvement Company was a Washington-based corporation, transacting business therein with officers within the state. The quiet title action pro-

ceeded to judgment and allegedly quieted title in Asotin County to all property described therein.

In 1940, the Lewiston-Clarkston Improvement Company conveyed real estate in Asotin County to defendant, Clarkston Community Corporation, in part as follows:

All that portion of Lots . . . and Five (5) . . . of Section 20, Township 11 North, Range 46 E.W.M., excepting therefrom the following:

. . .

. . . That portion conveyed by Tax Deed to Asotin County on April 25, 1938, recorded in Book 45 of Deeds, page 234.

Lot Five (5), Section Seventeen (17), Township Eleven (11) North, Range Forty-six (46), E.W.M. excepting therefrom the following:

. . .

. . . That portion conveyed by Tax Deed to Asotin County, dated April 25, 1938, recorded in Book 45 of Deeds, page 234.

The referenced tax deeds contain the same land description as the certificate of delinquency and the tax-foreclosure summons. From 1940 to the institution of the present action, Clarkston Community Corporation has ostensibly been in possession of the disputed land and, so far as may be ascertained, has paid taxes thereon.

Plaintiff makes numerous assignments of error to the trial court's findings of fact; however, the main thrust of this appeal centers around finding of fact No. 4 which provides:

The only land descriptions appearing in the tax foreclosure proceedings, the tax deed or the quiet-title action which could have any possible relevance to the lands, title to which is at issue in the present case, are as follows:

2.14 acres more or less of Lot 5, Section 17, Township 11 North, Range 46, E.W.M.

and

2.01 acres more or less of Lot 5, Section 20, Township 11 North, Range 46, E.W.M.

and

1.15 acres more or less of Lot 5, Section 17, Township 11 North, Range 46, E.W.M.

and

1.15 acres more or less of Lot 5, Section 17, Township 11 North, Range 46, E.W.M.

Said descriptions merely designate the land as part of a larger tract, without greater certainty as to the identity of the particular part which the county sought to foreclose.

Finding of fact No. 4, as well as other findings to which error is assigned, is supported by substantial evidence.

Plaintiff relies upon *Bingham v. Sherfey*, 38 Wn.2d 886, 234 P.2d 489 (1951); *Wingard v. Pierce County*, 23 Wn.2d 296, 160 P.2d 1009 (1945) and *Ontario Land Co. v. Yordy*, 44 Wash. 239, 243, 87 P. 257 (1906), aff'd, 212 U.S. 152, 53 L. Ed. 449, 29 S. Ct. 278 (1909), for the proposition that:

[I]f a person of ordinary intelligence and understanding can successfully use the description [given] in an attempt to locate and identify the particular property sought to be . . . [foreclosed, then] the description answers its purpose and must be held sufficient.

We do not dispute this rule; in the cited cases it could be applied. However, in the instant case it cannot be applied because the inadequate descriptions cannot be made specific. Even though the description of property set forth in the summons was prefaced by a remark that legal descriptions could be ascertained from the tax records of the county treasurer, there is nothing in the present record to reflect that said legal descriptions did in fact exist on the tax rolls in the treasurer's office at the time of the foreclosure action. Plaintiff admitted in oral argument his inability to find such record. The record reflects that counsel for plaintiff made an exhaustive search of the records of Asotin County not only to show the chain of title, but also to establish facts that would make the descriptions specific. The search was not productive. Plaintiff's problem, *i.e.*, adequacy of the legal description, was considered and resolved 63 years ago when it was established that a description which designates the land conveyed as a portion of a larger

tract without identifying the particular part conveyed is fatally defective. *Kupka v. Reid*, 50 Wn.2d 465, 312 P.2d 1056 (1957); *Matthews v. Morrison*, 195 Wash. 288, 80 P.2d 856 (1938); *Miller & Sons v. Daniels*, 47 Wash. 411, 92 P. 268 (1907).

Plaintiff further relies upon a plat attached to an 1899 warranty deed to another of defendant's predecessors, Clearwater Shortline Railway Company. We do not find that the plat clears any defect in the legal description of the certificate of delinquency, the foreclosure summons, or the tax deeds, with sufficient clarity to bring those instruments within the principle announced in the *Ontario Land Co.* case, *i.e.*, that is certain which can be made certain.

Therefore, the tax-foreclosure action based upon the defective description is void. It would follow that the exceptions contained in the 1940 conveyance to defendant corporation are meaningless and cannot serve as notice to defendant of plaintiff's interest. Likewise, the 1938 quiet title proceeding as to the parcels contained in the tax-foreclosure proceeding of that year also becomes a nullity.

### Reformation

It is not necessary to prolong this opinion by a historical recitation of the facts applicable to a claim based upon reformation.

One seeking reformation of an instrument must prove, by clear, cogent and convincing evidence, (1) both parties to the instrument had an identical intention as to the terms to be embodied in a proposed written document, (2) that the writing which was executed is materially at variance with that identical intention, and (3) innocent third parties will not be unfairly affected by reformation of the writing to express that identical intention. *Neal v. Green*, 71 Wn.2d 40, 426 P.2d 485 (1967); *Kincaid v. Baker*, 66 Wn.2d 550, 403 P.2d 888 (1965); *Jones v. National Bank of Commerce*, 66 Wn.2d 341, 402 P.2d 673 (1965); *Thorsteinson v. Waters* [65 Wn.2d 739, 399 P.2d 510 (1965)], *supra*; *Akers v. Sinclair* [37 Wn.2d 693, 226 P.2d 225], *supra*.

*Leonard v. Washington Employers, Inc.,* 77 Wn.2d 271, 279, 461 P.2d 538 (1969). The trial court correctly applied these standards and determined that plaintiff had not sustained its burden of proof. From our review of the record, we conclude the trial court's findings of fact and conclusions of law on this issue are supported by competent and substantial evidence.

Judgment is affirmed.

EVANS, C. J., and GREEN, J., concur.