[No. 103-41106-3.　　Division Three.　　July 9, 1970.]

CLARKSTON COMMUNITY CORPORATION, *Appellant*, v. ASOTIN
COUNTY PORT DISTRICT *et al., Respondents.*

*Charles T. Sharp (Leslie T. McCarthy,* of counsel), for
appellant.

*Little & Jones* and *Jay Roy Jones,* for respondents.

MUNSON, J.—Plaintiff, Clarkston Community Corpora-
tion, appeals from a summary judgment of dismissal in its
action against Asotin County Port District, its attorney and
manager, for willfully and maliciously slandering its title

to four parcels of land along the Snake River in Asotin County. The four parcels of land in question lie within the taking line of an army corps of engineers' project.

The facts pertinent to this case are as follows:

September 10, 1968, Jay R. Jones, defendant's counsel, in a letter to the District Engineer, Walla Walla District Corps of Engineers, made the following statement:

> [I]t now appears that all land along the Snake River in Asotin County, claimed by the Clarkston Community Corporation, . . . may well be subject to dispute . . .

September 16, 1968, plaintiff demanded a retraction.

September 19, 1968, W. C. Behrens, defendant's manager, reiterated Jones' allegations concerning plaintiff's title.

September 20, 1968, Max Tysor, Chief of the Real Estate Division of the Department of Army, Walla Walla District Corps of Engineers, in reply to the Jones' letter of September 10, 1968, stated the proposed acquisition of plaintiff's land—four parcels in question—had not been approved and consequently there were no purchases by the army corps of engineers then pending for any of the land in dispute.

September 24, 1968, in a letter from Tysor to plaintiff, the following appeared:

> [T]he Port has informed us by letter dated 19 September 1968 that all lands claimed by the Corporation and fronting on the Snake River in Asotin County may be subject to suit by the Port, and it appears to the Port to be in the public interest to finally determine ownership of these lands before the Corps appraises and offers to purchase land parcels within the referenced area. . . .
>
> . . . In view of these circumstances, we do not propose to initiate appraisals of Corporation tracts *on a priority basis. However, these will be acquired in due course and as necessary regardless of the status of the local litigation.*

(Italics ours.)

September 24, 1968, plaintiff filed its complaint.

September 30, 1968, Tysor informed plaintiff that the acquisition of its land was not yet approved and he could not proceed any further.

October 3, 1968, Tysor wrote defendant the following:

Neither the pending litigation nor the Port's statement of interest or claim in specific tracts [containing those of the instant case] *has caused us any delay in land acquisition progress.*

(Italics ours.)

October 8, 1968, the parties, by stipulation, agreed to join in a request to the army corps of engineers for the initiation of appraisal on a priority basis of the parcels in dispute.

December 3, 1968, Tysor again wrote defendant:

We informed you by letter dated 3 October 1968 that acquisition of Port property would proceed in due course. However, since then Congress has placed rigid controls on Government expenditures for Fiscal Year 1969. As a result, higher authority imposed restrictions on total expenditures on this project. Accordingly, we do not anticipate beginning purchase negotiations with the Port until at least April or May 1969 with payment sometime after 1 July 1969.

■  The necessary elements of the instant cause of action are set forth in *Lee v. Maggard,* 197 Wash. 380, 382, 85 P.2d 654, 87 P.2d 106 (1938):

In Newell, Slander and Libel, § 162, it is said:

"Three things are necessary to maintain an action for slander of property or of title:

"(1) The words must be false.

"(2) They must be maliciously published.

"(3) They must result in a pecuniary loss or injury to the plaintiff.

"The words must be spoken pending some treaty or public auction for the sale or purchase of the property, *or the action will not lie,* and it must be such a *slander as goes to defeat the plaintiff's title.* And unless the plaintiff shows falsehood and malice in the defendant, and an injury to himself, he establishes no case to go to the jury."

(Italics ours.)

In early December, defendant moved for summary judgment of dismissal with supporting affidavits and documents setting forth the pertinent facts described above. Plaintiff

4

replied with an affidavit and also relied upon defendant's documents. The court granted the motion to dismiss and plaintiff appeals.

As stated in *Felsman v. Kessler*, 2 Wn. App. 493, 468 P.2d 691 (1970), a motion for summary judgment is properly granted if there is no genuine issue of fact as to any material element necessary to support the claimed cause of action. Trautman, *Motions for Summary Judgment: Their Use and Effect in Washington*, 45 Wash. L. Rev. 1 (1970).

Assuming arguendo there exists issues of fact regarding the maliciousness and falsity of defendant's claim to title, defendant still has shown there was no pending sale adversely affected which resulted in plaintiff's injury. Plaintiff argues that the above correspondence does establish a pending sale. We deem otherwise. An expectation or anticipation that the corps of engineers would begin negotiating for the purchase or failing in that institute condemnation, was all plaintiff could show at the time of defendant's correspondence. Consequently, the supporting elements of the instant cause of action are not present.

Furthermore, our opinion in *Asotin County Port Dist. v. Clarkston Community Corp.*, 2 Wn. App. 1007, 472 P.2d 554 (1970) amply shows plaintiff's title was not defeated by the alleged slander.

Judgment is affirmed.

EVANS, C. J., and GREEN, J., concur.