[No. 32170.   Department Two.   November 13, 1952.]

WALTER E. NAWROCKI, *Respondent*, v. J. T. COLE, *Appellant.*[1]

[1]Reported in 249 P. (2d) 969.

*Gavin, Robinson & Kendrick* and *Rode, Cook, Watkins & Orth*, for appellant.

*E. K. Brown* and *Kern & Dano*, for respondent.

OLSON, J.—A jury returned a verdict in favor of plaintiff for damages incurred in an automobile collision. Defendant's motions for judgment notwithstanding the verdict and for a new trial having been denied, judgment was entered on the verdict, and defendant has appealed. J. T. Cole is the sole defendant, his wife having died before the trial.

His appeal presents two principal questions: (1) Was a mechanic he employed to repair his car, and who was testing it on the highway when the collision occurred, an independent contractor, and (2) was defendant himself negligent in having his car driven on the highway when, as plaintiff alleges, "he knew that said automobile had serious motor trouble and might be stalled on said highway"?

During the evening in question, defendant and two guests were returning to Tacoma from Wilbur in defendant's automobile. As they approached Ellensburg, the motor ceased to function properly. It operated jerkily, and the car could be driven only at slow speeds, estimated by defendant to be from five or ten miles an hour to thirty or thirty-five miles an hour. It did not stop entirely, nor was it necessary to drive the car in low gear.

Defendant arrived at a garage in Ellensburg late in the evening. He told the mechanic how the car had operated and asked him to find the trouble and repair it. The mechanic proceeded to work on the motor, and it was running smoothly when he presented a bill for his services. Defendant did not pay the bill or accept the car, but asked the mechanic to take it out on the highway and test it to be sure that it was operating properly.

The mechanic, accompanied by one of defendant's guests, then drove the car onto the main traveled highway leading out of Ellensburg. After he had gone about one mile, the motor again ceased to function properly, and it was impossible to accelerate the car. He then decided that the fuel pump was the source of the trouble, and, as he was returning to the garage, plaintiff, going in the same direction, drove his automobile into the rear of defendant's car. Plaintiff testified that, before the collision, defendant's car was stopped on the highway and that he saw no lights on it. Some rain had fallen during the evening, and the pavement was wet. Visibility was poor because of haze or fog in the vicinity of the collision.

■ An independent contractor is one who, in the pursuit of an independent business, undertakes to perform a specified piece of work or to render a particular service for another, without submitting to control in the manner of performance. *Smith v. Ludwig*, 16 Wn. (2d) 155, 157, 132 P. (2d) 735 (1943), and case cited. The principal question is, who has the right to control the manner of doing the work? The independence of the relation is not affected by a reservation, by the one ordering the work, of a right to supervise it merely to determine whether or not it is done according to the contract. *Seattle Aerie No. 1 of Fraternal Order of Eagles v. Commissioner of Unemployment Compensation and Placement*, 23 Wn. (2d) 167, 172, 160 P. (2d) 614 (1945), and cases cited. Whether the mechanic was a lessee of the garage or an employee of the owner of the garage, the relationship between himself and defendant or the relationship between his employer and defendant is

determined by the same rules, and the result will be the same in this case.

■ The question before us is whether or not there is sufficient evidence or reasonable inference from the evidence to justify, but not to compel, a finding adverse to defendant by a jury. In answering this question, we cannot weigh the evidence and must view it, and all reasonable inferences from it, most favorably to plaintiff.

The evidence, so considered, establishes that the mechanic was engaged in an independent business, that of repairing automobiles. He undertook a specified piece of work, the repair of defendant's car. Defendant did not know what had to be done, and the mechanic was free from his direction or control regarding the details or the manner of repair. Defendant was concerned only with the result of the work and did not supervise it, except to request that the car be tested to determine whether the work of repair was completed. Neither defendant nor his guest, who rode with the mechanic during the test, specified or controlled the exact place or kind of test to be made. The test became part of the work of repair, and the mechanic did what he determined, from the test, was necessary to finish his job. Not until then did he complete his work, deliver the car to defendant, and receive his pay. See 5 Blashfield, Cyclopedia of Automobile Law & Practice (Perm ed.), 102 *et seq.*, § 2966.

■ Upon these facts, the mechanic became an independent contractor, as a matter of law, when he accepted defendant's car for repair. Defendant's request that the car be tested did not change this relationship, as plaintiff contends, and it prevailed until the car was redelivered to defendant.

■ This is true, even if we assume that consideration should be given to any presumption or inference of fact, arising out of defendant's ownership of the car, that the mechanic was an agent of defendant. The evidence introduced by defendant on this issue being uncontradicted, unimpeached, clear, and convincing, and not being met by

any evidence of plaintiff to the contrary, the presumption cannot make a case for plaintiff on this theory. *Bradley v. S. L. Savidge, Inc.*, 13 Wn. (2d) 28, 63, 123 P. (2d) 780 (1942); *McGinn v. Kimmel*, 36 Wn. (2d) 786, 789 *et seq.*, 221 P. (2d) 467 (1950), and cases cited.

■ Therefore, because the negligence, if any, of the mechanic, an independent contractor, cannot be imputed to defendant, if the judgment can be sustained, it must be upon the alleged negligence of defendant himself.

■ An automobile is not *per se* a dangerous instrumentality. *Wellons v. Wiley*, 24 Wn. (2d) 543, 551, 166 P. (2d) 852 (1946), and case cited. It may become such if it is so mechanically defective as to render it liable to become uncontrollable on the highway. *Robbins v. Hansen*, 184 Wash. 677, 683, 52 P. (2d) 908 (1935).

The case at bar is not pleaded on a theory of strict or absolute liability. It is rested upon the alleged negligence of defendant. The standard of conduct required of defendant upon this theory of the case may be defined by stating the essential elements of plaintiff's proof, if he is to recover. They are that, at the time defendant's automobile went upon the highway, (1) it was defective, (2) defendant knew or, as a reasonable man, should have known of the defect and of the reasonable likelihood that it would cause injury, (3) the defect proximately caused the injury to plaintiff, and (4) the damages he sustained.

■ Upon this issue, the evidence is undisputed that defendant's car did not stop on the highway, nor did its lights cease to function, before he delivered it to the garage for repair. The motor was operating smoothly, and all of the lights, both front and rear, were burning when the mechanic drove the car out of the garage to test it. Viewing the evidence most favorably to plaintiff, we find no fact or reasonable inference from the facts or circumstances in this case, to sustain a verdict adverse to defendant upon the second essential element of plaintiff's proof.

Neither of the issues we have discussed should have been submitted to the jury. The judgment is reversed, and the

cause is remanded to the trial court for the entry of judgment in favor of defendant, notwithstanding the verdict of the jury.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.