[No. 34628. *En Banc.* March 3, 1960.]

EFFIE WOODS, *as Administratrix, Appellant,* v. R. L. GOODSON *et al., Respondents.*

CLYDE L. MOODY, *Appellant,* v. R. L. GOODSON *et al., Respondents.*[1]

[1]Reported in 349 P. (2d) 731.

*Caughlan & Opendack, Mifflin & Mifflin* (*John Caughlan* of counsel), for appellants.

*Olwell & Boyle* and *Clinton H. Hattrup*, for respondents.

OTT, J.—September 28, 1956, at approximately 2:30 p. m., Frances C. Goodson drove her 1953 Buick Roadmaster convertible automobile, equipped with power brakes, out of an "angle" parking space on Madison street in the city of Seattle. She backed the automobile up the grade to clear the other parked cars and, as she started down the grade toward the intersection of First avenue and Madison street, approximately one hundred fifty feet away, she noticed that the traffic signal light was red. She stepped on the brake pedal, but the brakes failed to respond. The automobile struck a City Light Company truck driven by Clyde L. Moody, which was stopped at the crosswalk of the Madison street and First avenue intersection for the red signal light. The impact forced the truck forward into the pedestrian lane, where it struck and fatally injured Eugene Robert Woods, who was crossing in the lane. Clyde L. Moody was also injured.

Effie Woods, as administratrix of the estate of Eugene Robert Woods, and Clyde L. Moody each commenced an

action for damages against R. L. Goodson and Frances C. Goodson his wife (who will be referred to herein as though she were the sole defendant). The complaints alleged that the defendant was negligent in several particulars.

The defendant denied negligence and, as an affirmative defense, alleged that the accident was caused by the failure of the power brakes to function, due to a latent defect of which she had no prior knowledge. The plaintiffs denied the affirmative matters pleaded. The two causes were consolidated for trial. The jury returned verdicts for the defendant, and both plaintiffs have appealed.

Appellants assign error to the court's giving instruction No. 1, contending that it did not inform the jury of the specific acts of negligence relied upon. The court instructed in this regard as follows:

"Both plaintiffs allege that the losses which they claim they suffered were the proximate result of negligence on the part of the defendant Frances C. Goodson in allowing the car driven by her to come into contact with a City Light truck in which the plaintiff Moody was riding."

The court, in instruction No. 6, told the jury that

" . . . Any party claiming negligence has the burden of proving, by a fair preponderance of the evidence, that the other party was negligent in some one of the particulars claimed, and that such negligence was a proximate cause of the injury and damage claimed."

None of the instructions given by the court outlined respondent's particular acts of negligence upon which the appellants relied.

Each party is entitled to have his theory of the case presented to the jury, if there is any evidence to support it. *Owens v. Seattle,* 49 Wn. (2d) 187, 299 P. (2d) 560, 61 A. L. R. (2d) 417 (1956); *Lunz v. Neuman,* 48 Wn. (2d) 26, 290 P. (2d) 697 (1955); *Allen v. Hart,* 32 Wn. (2d) 173, 201 P. (2d) 145 (1948).

Appellants' complaints alleged that respondent was negligent, *inter alia,* in the following particulars: (1) Failure to make timely application of the foot brake, (2) failure to use the emergency brake, (3) failure to sound the horn

to warn pedestrians and motorists that she was unable to stop her automobile, (4) insufficient familiarity with the operation of her automobile, and (5) failure to keep her automobile under control. There was evidence to support each of these allegations. It was, therefore, error for the court to give instruction No. 1 without including reference to the specific acts of negligence relied upon by appellants.

Appellants next assign error to the court's giving the following so-called "latent defect" instructions:

Instruction No. 18: "Where the brakes on an automobile have previously functioned properly, but suddenly fail to respond, their failure does not render the owner or driver guilty of negligence unless he knew or should have known of the defective condition of his brakes."

Instruction No. 19: "You are instructed that if you find the defendants performed reasonable inspection and maintenance of their automobile, and if you find that the brakes on their automobile functioned in a satisfactory manner up to the time of the accident, but suddenly and without prior indication of trouble failed to respond efficiently, and that defendants neither knew nor should have known that this might happen, and that this failure of the brakes was the proximate cause of the accident, and if you further find that the defendant wife was not guilty of negligence in any respect in her operation of the automobile at the time of the accident, then you shall return a verdict for the defendants."

Respondent called two expert witnesses, one of whom had examined the automobile shortly after the accident and found the power brake equipment in proper operating condition. Both experts testified that the power brake system used on the 1953 Buick was such that, when the motor was not running, the brakes would not function, and that, in their opinion, this was a defect in the design of the power braking system. They testified that, in their opinion, the brake "failure" in the instant case was due to the fact that the motor was not running when respondent attempted to apply the brakes.

 The brake "failure" was not due to " 'latent defects in materials employed in the construction of the machinery of the automobile' ". *Jacklin v. North Coast Transp.*

*Co.,* 165 Wash. 236, 239, 5 P. (2d) 325 (1931). The experts' testimony established that, at the time of the accident, the automobile functioned in full accord with its operational design. The failure of the automobile to stop was due to an operational limitation. The statute requires that a motor vehicle be equipped with brakes "adequate to control the movement of and to stop and hold such vehicle." RCW 46.37.340(1).

■■ The respondent was charged with knowledge that, when the motor was not running, the brakes would not function. See *McCoy v. Courtney,* 25 Wn. (2d) 956, 172 P. (2d) 596, 170 A. L. R. 603 (1946); *Allen v. Schultz,* 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676 (1919). An automobile can be a dangerous instrumentality. The driver thereof is, therefore, charged with knowledge of its operational limitations.

The court's instruction No. 13½, relating to operational limitations, reads as follows:

■■ "You are instructed that it is the duty of the driver of a motor vehicle to be sufficiently informed as to the operation and mechanism of her automobile, so as to be in a position to maintain her car under control; and such duty cannot be excused on the grounds that the driver was ignorant of said operation and mechanism."

Instruction No. 13½ was a proper statement of the law applicable to the facts here present. The giving of instructions Nos. 18 and 19 was not merited by the evidence. The instructions were prejudicial because thereby the jury were permitted to exculpate the respondent from liability, if they found she did not know that which she is charged in law with knowing.

We find no merit in the remaining assignments of error.

For the reasons stated, the judgments are reversed, and the causes remanded with instructions to grant a new trial.

WEAVER, C. J., MALLERY, DONWORTH, ROSELLINI, FOSTER, and HUNTER, JJ., concur.

HILL and FINLEY, JJ., concur in the result.

———

April 15, 1960. Petition for rehearing denied.