[No. 35027.    Department Two.    March 17, 1960.]

HAZEL M. MURRAY, *Respondent,* v. CORSON CORPORATION, *Appellant,* BUFORD V. SEALS, JR., *Defendant.*[1]

[1]Reported in 350 P. (2d) 468.

*Rosling, Williams, Lanza & Kastner* and *Joseph J. Lanza,* for appellant.

*McCutcheon, Soderland & Wells,* for respondent.

RosELLINI, J.—The plaintiff was injured while she was a passenger in an automobile that she owned, and which, at the time of the accident, was being driven by the defendant Buford V. Seals, Jr., who was employed as general manager of a service station owned by the defendant Corson Corporation. She recovered judgment against both defendants, from which the defendant corporation alone has appealed.

Error is assigned to the denial of various motions predicated upon the insufficiency of the evidence to justify a verdict against the appellant, and to the court's refusal to give certain instructions requested by the appellant.

The evidence tended to show that the appellant owns a so-called "premium" service station at Corson avenue and East Marginal Way, in Seattle. Seals, an experienced salesman, had been employed as general manager since 1954. There were no limitations upon his authority in his post as general manager; and never having received specific orders, he generally conducted the business as if it were

his own. Mechanics were employed at the station to do minor mechanical work, and Seals himself had had experience with reference to gasoline motors and occasionally did some of the manual work at the station.

Tires and accessories were sold through the station, and small appliances and other gadgets were also sold to customers as premiums. Larger appliances were not stocked and none had been sold to customers at the time of the accident involved herein, but catalogues for such appliances were kept on the premises. At a corporation meeting, Seals had proposed a "discount membership card plan" for the sale of large appliances, but some of the members of the board objected and the matter was tabled.

Seals had met the respondent in 1953, in connection with a business matter. Thereafter, in the fall of 1955, she bought two tires from him. In the spring of 1956, being in need of appliances to furnish two apartments which she was readying for rental, she telephoned Seals and asked if he could get her two stoves and two refrigerators at prices less than she could obtain them from another source; and he told her he would check and let her know.

On the evening of May 11, 1956, she stopped at the station to inquire about the prices. Seals quoted her the prices of three suppliers, but she indicated that she could get the appliances cheaper elsewhere and would not be interested. She then remarked that she had an appointment, but was worried about her car, which had not been running properly. Seals, feeling that the sale was not yet lost and wishing an opportunity to talk with her further, offered to drive the car to see if he could determine the trouble. They thereupon set out, with Seals at the wheel, and drove toward Kent. At intervals, Seals stopped the automobile, got out to look at the engine, and tested various theories he had as to the cause of the trouble.

When they had driven some eight or nine miles in this manner, the respondent asked him to turn around and go back, as she did not want to miss her appointment. He complied with this request and, shortly thereafter, ran through

a stop sign and collided with another vehicle, causing the injuries for which the respondent sued in this action.

The respondent, suffering from retrograde amnesia as a result of the accident, could not recall that Seals had discussed the sale of the appliances with her on this trip, but Seals testified that this was his major purpose in offering to test the car and stated that he did discuss the sale several times during the trip.

The appellant's challenges to the sufficiency of the evidence were based upon its contention that Seals was not acting within the scope of his employment at the time of the accident. It contends that the action of the board of directors in tabling the proposed "discount membership card plan" conclusively shows that Seals was not authorized to sell or to attempt to sell major appliances, and that his prime motivation in driving the respondent's automobile was, by his own admission, to attempt to effectuate this sale rather than to obtain a contract for a repair job.

The evidence did not show that, in rejecting the "discount membership card plan," the board intended to forbid all sales of major appliances. Seals testified, without contradiction, that he had discussed with the president the fact that he was negotiating for the sale of appliances to the respondent and had obtained his express approval. In addition, it was uncontradicted that catalogues covering such appliances were kept at the place of business and shown to customers. Where the evidence of agency is conflicting, the question is one for the jury. *Hammons v. Setzer,* 72 Wash. 550, 130 Pac. 1141; *George v. Carstens Packing Co.,* 91 Wash. 637, 158 Pac. 529; *Lloyd v. Northern Pac. R. Co.,* 107 Wash. 57, 181 Pac. 29, 6 A. L. R. 307. The jury could readily conclude, under the above evidence, that Seals was within the scope of his employment, both in attempting to make a sale of appliances to the respondent and in offering to try to discover the reason why her automobile was not running properly. The court did not err, therefore, in refusing to direct a verdict for the appellant.

Error is assigned to the refusal of the appellant's requested instruction No. 7, embodying the "borrowed ser-

vant" doctrine, that a master is not responsible for the negligence of his general servant if at the time of the negligent act, of which complaint is made, the latter has become the servant of another, and is engaged in the business of that other and under his direction and control.

The only evidence that Seals was in any way under the "direction and control" of the respondent was that she was the owner of the automobile and was present in it at the time of the accident. While this fact was sufficient to raise a presumption of agency, that presumption was rebutted by direct and uncontradicted evidence that Seals was *not* acting as the agent of the respondent, but as an independent contractor.

"An independent contractor is one who, in the pursuit of an independent business, undertakes to perform a specified piece of work or to render a particular service for another, without submitting to control in the manner of performance. . . ." *Nawrocki v. Cole,* 41 Wn. (2d) 474, 249 P. (2d) 969, and cases cited therein.

While it is true that the respondent, as owner of the vehicle, had the right to tell Seals to turn around and go back, or not to operate the vehicle in a negligent manner, she had no control over him in the manner in which he drove the car and tested the engine, and, in fact, had no knowledge of how it should be tested. The jury found her innocent of contributory negligence; and there is, on this appeal, no contention that she was negligent in any way. The evidence clearly showed that Seals, with permission of the respondent, had control of the automobile at the time of the accident, and that his purpose in driving it was to attempt to make a sale and to discover the source of engine trouble with a view to correcting it. As we have said, it was a jury question whether he was then within the scope of his employment or was simply bent upon a project of his own. In any event, he was not the servant of the respondent, but was an independent contractor. Refusal of the instruction was therefore proper.

It is also contended that the jury should have

been instructed on the inference, flowing from the owner's presence in the vehicle, that the driver was her agent. Since the evidence conclusively established that Seals was an independent contractor and not the respondent's agent, no prejudice to the appellant could result from the failure to give its requested instruction. Also, it should be remembered that we are not here concerned with a suit brought against the owner of a vehicle by a third party for injuries suffered as a result of the negligence of the driver of the vehicle. It was for the benefit of such persons that the presumption or inference of agency was created. Where the facts on the issue of agency are shown by evidence which is clear, convincing, uncontradicted, and unimpeached, the presumption ceases to exist and cannot be further considered by the court or the jury. *Bradley v. S. L. Savidge, Inc.*, 13 Wn. (2d) 28, 123 P. (2d) 780.

The refusing of two other requested instructions, upon which error is assigned, likewise did not constitute reversible error, as the subject matter of each of them was adequately covered by the instructions given.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.