[No. 36743. Department One. January 23, 1964.]

LEVI WILLLAMS *et al., Appellants,* v. ARVID M. ANDRESEN *et al., Respondents.*

LEVI WILLIAMS *et al., Respondents,* v. ARVID M. ANDRESEN *et al., Respondents,* CHRYSLER MOTORS CORPORATION, *Appellant,* CHRYSLER CORPORATION, *Defendant.*

LEVI WILLIAMS *et al., Respondents,* v. ARVID M. ANDRESEN *et al., Appellants,* CHRYSLER CORPORATION *et al., Respondents.*\*

\*Reported in 388 P. (2d) 725.

*LeSourd & Patten, Woolvin Patten,* and *Joseph C. Mc-Kinnon,* for Williams *et al.*

*Davies, Pearson, Anderson & Pearson,* by *Wayne J. Davies,* for Andresen *et al.*

*Paul W. Robben,* for Chrysler Motors Corporation.

*Frank H. Roberts, Jr.,* for Chrysler Corporation.

ROSELLINI, J.—In this action, the plaintiffs sought recovery from the several defendants for injuries claimed to have been sustained by Levi Williams on September 13, 1960. He was pinned between a parked car and a car being demonstrated to him by the defendant James Clark, an employee of the defendants Andresen, doing business as Andresen Motor Company.

The automobile being demonstrated was a high-powered Plymouth, which had been manufactured by the defendant Chrysler Corporation. It had been left on the Andresen premises earlier in the day by a Mr. Ogle, who was a salesman for Chrysler Motors Corporation and who had used the car as a "field car."

Williams had gone to the Andresen Motor Company to observe the repairs being made to his automobile which had been damaged in a previous accident. He had expressed an interest in purchasing another automobile, and Clark offered to drive him home in the Plymouth that Mr. Ogle had left on the lot. He discussed the features of the car with Williams as he drove him home, and upon arrival at the Williams residence, offered to show him the engine.

The Plymouth had a push-button selector panel for the transmission, which was located on the left of the steering column. According to Clark's testimony, he pushed the neutral button and applied the parking brake when he brought the car to a stop in the Williams driveway a few feet behind another car parked in the driveway. Mr. Williams also testified that he had seen Clark push a button which he assumed was the neutral button and had seen or heard him apply the brake.

Both men got out of the car and went to the front where Clark opened the hood so that Williams could observe the engine. He then proposed to demonstrate the accelerating quality of the engine, but since he could not comfortably reach the linkage from the front of the car, he went to the driver's side of the engine compartment. He reached in and pushed the linkage to show Williams the instant acceleration. When he did so the car lurched forward, pinning Williams between the front end of the Plymouth and the rear of the other car, causing him to be injured severely.

In the complaint, it was alleged that the defendants Andresen and Clark and the defendant Chrysler Motors Corporation, owner of the car, were negligent in failing to be sufficiently informed as to the operation and mechanism of the car being demonstrated and in accelerating the motor of the vehicle, causing it to move forward and strike the plaintiff. The defendant Chrysler Corporation was charged with negligence in the manufacture of the car. The defendants denied that they were negligent and alleged that Williams' injuries were the result of his own negligence.

The jury returned a verdict against the defendants Andresen and Clark and the defendant Chrysler Motors Corporation, but exonerated the Chrysler Corporation.

We will consider first the brief of the defendants Andresen and Clark. It is their first contention that the evidence conclusively showed that Clark did all that could have been required of him as a reasonable man, under the circumstances, and consequently the action should have been dismissed as to them. It is their theory that the transmission box did not function properly, because the neutral button stayed down when it was pushed, while the drive button was not released; that Clark did not know that this malfunction might occur and therefore was not called upon to look at the selector panel to make certain that the drive button had been released, and that he had done all that reasonable care required when he depressed the neutral button and applied the parking brake.

However, the jury was not obliged to accept this theory. The evidence was that occasionally the neutral button might stay down when depressed, while at the same time the drive button was not released, but that the drive button would be released if the neutral button was pushed all the way down. The jury was entitled to consider the fact that Clark was proposing to leave the driver's seat while the motor was running and to lift the hood and exhibit the motor in operation to Williams. It was entitled to find that reasonable care required that he make certain that the transmission was out of gear. This he could have done by applying pressure to the accelerator or by observing the selector panel, where the position of the drive button would have indicated to him that the transmission was still in gear. The verdict indicates that the jury found that, having failed to take either of these precautions, Clark was guilty of negligence. There was evidence to support this finding.

These defendants also assign error to the court's refusal of their motion for a new trial, which was based upon their contention that the jurors were influenced by a newspaper article which appeared in a Seattle paper the day

before the matter was submitted to them. This article revealed the fact that the defendants were insured. There is no contention that any of the attorneys or parties had anything to do with the publishing of this article, which was a humorous essay on the problems created by the number of parties involved in the case. The applicable rule is stated in *King v. Starr*, 43 Wn. (2d) 115, 260 P. (2d) 351, in these words:

"Where the fact that the defendant is covered by insurance is brought before the jury inadvertently and it appears that neither the attorney nor the witness connected with the case deliberately, willfully or collusively injected such fact into the case in the presence of the jury, a mistrial will not be granted. [citing cases]

" 'The gravamen of the offense is not in the disclosure of a collateral fact, but in the manner of its disclosure, that is, the misconduct of counsel.' [citing cases]"

If the introduction into the minds of the jurors of knowledge of the fact of insurance was not ground for a mistrial, it was likewise not a proper ground for the granting of a motion for a new trial. The denial of the defendants' motion was also justified by the fact that there was no contention made that the amount of the verdict was excessive. It is evident, therefore, that the jurors' knowledge that the defendants were insured did not influence their verdict.

These defendants also complain of an instruction whereby the court advised the jury that it was the duty of the driver of a motor vehicle to be sufficiently informed as to the operation and mechanism of his automobile, so as to be able to maintain his car under control, and that such duty would not be excused by ignorance. It is the defendants' theory in this regard that the characteristic of the transmission control box, previously described in this opinion was a "latent defect" and not an "operational limitation."

While it is true that the box was enclosed and its mechanism could not be examined without dismantling it, the occurrence of a premature latching was always indicated on the selector panel, since, where such a malfunction occurred, both the drive button and the neutral button would remain depressed. Clark knew that when the neutral

button was depressed, the drive button should be released. As we have noted above, this premature latching occurred only when the neutral button was not fully depressed.

The evidence of these facts showed an operational limitation of the automobile and justified the giving of the instruction, which correctly stated the law in this jurisdiction, as set forth in *Woods v. Goodson,* 55 Wn. (2d) 687, 349 P. (2d) 731. In addition, there was evidence that the parking brake would not prevent movement of the car when the transmission was in gear. This was another operational limitation.

If it was error to refuse the requested instructions of Andresen and Clark pertaining to liability for latent defects, that error was harmless, inasmuch as the verdict in favor of Chrysler Corporation constituted a finding that the transmission control box was not in a defective condition, or if it was, that the defect was not one which necessitated the giving of a warning, since the jury was instructed that it should render a verdict against Chrysler Corporation only if it found that such a defective condition existed.

We find no error requiring the reversal of the judgment against the defendants Clark and Andresen.

The defendant Chrysler Motors Corporation, distributor of Plymouth automobiles and owner of the vehicle involved in this lawsuit, also contends that a verdict should have been directed in its favor. It maintains that Andresen was not authorized to demonstrate or sell the automobile, that it was merely left on the Andresen premises for storage, and that consequently Clark did not act as its agent. The plaintiffs respond that not only was Clark acting as an agent of Chrysler Motors Corporation but also this defendant was negligent in failing to warn of characteristics of the automobile, of which it must have known, which rendered it dangerous in circumstances such as those involved in this case.

We need not decide whether the evidence of such negligence on the part of Chrysler Motors Corporation was sufficient to support the verdict. It is conceded by the defendant Chrysler Motors Corporation that ownership of

a vehicle raises a presumption that it is being driven by the owner's agent. The presumption is, of course, rebuttable, and this defendant cites many cases wherein it has been held that the defendant sustained the burden of rebutting the presumption.

■ In this case, there was not only the presumption of agency, but there was also evidence that it was the custom of Chrysler Motors Corporation to turn field cars over to Andresen for sale to customers when they had been driven about 2,000 miles. The automobile involved in this suit had been driven around 1,500 miles. Andresen testified that he had told Ogle he would try to sell it when Ogle left it on the lot. Ogle testified that he did not hear this statement, and that no authority to sell or demonstrate the car was given to Andresen. A supervisor of Chrysler Motors Corporation testified that Ogle had no right to give such authority. Thus, the evidence was in conflict on the question whether Andresen was authorized to demonstrate and/or sell the automobile, and the jury was the proper body to decide the question. *McMullen v. Warren Motor Co.*, 174 Wash. 454, 25 P. (2d) 99.

■ The defendant Chrysler Motors Corporation assigns error to the giving and refusing of certain instructions. We have examined these assignments of error and the arguments of counsel and find that they are without merit. Error is also assigned to the court's ruling whereby it dismissed this defendant's cross-complaint against the defendants Clark and Andresen. We are not told at what stage of the proceedings this was done, or where in the record the court's ruling may be found. Under Rule on Appeal 43, RCW Vol. 0, this court will not consider an error which is not pointed out in the assignments of error. "Pointing out" an error involves "pointing" to the place in the record where the error occurs. Since this was not done, the assignment will not be considered.

While the plaintiffs have appealed from that portion of the judgment rendered in favor of the defendant Chrysler Corporation, they have stated in their briefs that this ap-

652

peal will be waived if no new trial is granted. Consequently, we need not consider the errors assigned by the plaintiffs.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.