443 P.2d 402

Mary V. LARSEN, Individually and as natural mother and next friend of Mary Kaye Larsen and Sandra Lee Larsen, minors; and Intermountain Service, Inc., a corporation, Plaintiffs and Appellants,

v.

Clover D. CHRISTENSEN, Defendant, Vernon L. Stevenson, Defendant and Respondent.

No. 10833.

Supreme Court of Utah.

July 10, 1968.

Reed L. Martineau, of Skeen, Worsley, Snow & Christensen, Salt Lake City, for plaintiffs and appellants.

Rex J. Hanson, Don J. Hanson, Salt Lake City, for defendant and respondent.

CALLISTER, Justice:

Kurt E. Larsen died from injuries sustained in a collision between the motorcycle which he was driving and an automobile owned by defendant Stevenson, but operated by defendant Christensen. His widow and children instituted this action to

recover damages for the alleged wrongful death of Larsen. The trial court granted Stevenson's motion for summary judgment and plaintiffs appeal.

On this appeal we are not concerned with the fault which precipitated the accident. Our only concern is with regard to the legal relationship which existed between Stevenson and Christensen at the time of the accident.

Facts pertinent to this appeal are as follows: Christensen was the operator of a service station of which Stevenson was a regular customer. On the day in question, Stevenson had requested Christensen to pick up his automobile at his office, take it to the service station and perform certain services thereon, including balancing of the wheels. Christensen picked up the car and drove it to his service station where he commenced performing the requested work. However, his wheel balancing equipment was not functioning properly; so he decided to take the automobile to another station which had functioning equipment. It was on the way to this other station that the collision occurred. Stevenson was unaware of Christensen's decision.

Plaintiffs contend that Christensen, while driving the car to the other station, was engaged in an activity separate from and unrelated to the actual services requested; that the trip was undertaken for the benefit of Stevenson without charge and, therefore, his status of an independent contractor

ceased and a jury could reasonably find that he assumed the role of an agent.

The trial court, in granting Stevenson's motion and dismissing the complaint as against him, stated:

* * * It appearing that the undisputed facts as shown by the deposition of the defendant Christensen which was published, show that Christensen's status was that of a bailee-independent contractor over whom the defendant Stevenson exercised no supervision or control in the manner in which Christensen serviced said vehicle, the accident having occurred while Christensen was driving the car to another establishment for the purpose of completing repairs, and the negligence, if any, of Christensen is not imputable to Stevenson; * * *

The plaintiffs cite several prior decisions of this court to the effect that summary judgment is a "harsh remedy" and that the facts "must be viewed in the light most favorable to the losing party." Such pronouncements are of no avail to plaintiffs. In considering a motion for summary judgment, the basic and controlling consideration is whether there exists a genuine issue of fact. If none exists, it is incumbent upon the court to decide the matter, anent a trial, based upon the applicable law.

In the instant case, the trial court quite properly adopted the summary judgment procedure. There was no disputed

issue of fact. The sole question was whether Christensen was Stevenson's agent at the time of the accident. Under the undisputed facts, this became a matter of law for the court to determine and not for a jury.

We concur and adopt the trial court's conclusion that Christensen was an independent contractor and not an agent when the accident occurred. Stevenson had no knowledge of or control over Christensen's trip and, even though the trip was of incidental benefit to him, Christensen's negligence, if any, was not imputable to him.[1]

Affirmed. Costs to Stevenson.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

1. Nawrocki v. Cole, 41 Wash.2d 474, 249 P.2d 969 (1952); 35 A.L.R.2d 805, § 2.