[No. 39833.     Department One.     May 15, 1969.]

CHRYSLER MOTOR CORPORATION, *Appellant*, v. ARVID M. ANDRESEN *et al., Respondents.*[*]

*Paul W. Robben* and *Arthur G. Barnett*, for appellant.

*Davies, Pearson, Anderson, Pearson & Gadbow*, by *Wayne J. Davies*, for respondents.

McGOVERN, J.—This action had its genesis in *Williams v. Andresen*, 63 Wn.2d 645, 388 P.2d 725 (1964). The underlying facts are the same and are recited from that opinion, at 646:

> In this action, the plaintiffs sought recovery from the several defendants for injuries claimed to have been sustained by Levi Williams on September 13, 1960. He was pinned between a parked car and a car being demonstrated to him by the defendant James Clark, an employee of the defendants Andresen, doing business as Andresen Motor Company.
>
> The automobile being demonstrated was a high-powered Plymouth . . . It had been left on the Andresen premises earlier in the day by a Mr. Ogle, who was a salesman for Chrysler Motors Corporation and who had used the car as a "field car."
>
> Williams had gone to the Andresen Motor Company to observe the repairs being made to his automobile which

*Reported in 454 P.2d 825.

See Ann. 78 A.L.R.2d 460; 8 Am. Jur. 2d, Automobiles and Highway Traffic § 650.

had been damaged in a previous accident. He had expressed an interest in purchasing another automobile, and Clark offered to drive him home in the Plymouth that Mr. Ogle had left on the lot. He discussed the features of the car with Williams as he drove him home, and upon arrival at the Williams residence, offered to show him the engine.

The Plymouth had a push-button selector panel for the transmission, which was located on the left of the steering column. According to Clark's testimony, he pushed the neutral button and applied the parking brake when he brought the car to a stop in the Williams driveway a few feet behind another car parked in the driveway. Mr. Williams also testifed that he had seen Clark push a button which he assumed was the neutral button and had seen or heard him apply the brake.

Both men got out of the car and went to the front where Clark opened the hood so that Williams could observe the engine. He then proposed to demonstrate the accelerating quality of the engine, but since he could not comfortably reach the linkage from the front of the car, he went to the driver's side of the engine compartment. He reached in and pushed the linkage to show Williams the instant acceleration. When he did so the car lurched forward, pinning Williams between the front end of the Plymouth and the rear of the other car, causing him to be injured severely.

In the complaint, it was alleged that the defendants Andresen and Clark and the defendant Chrysler Motors Corporation, owner of the car, were negligent in failing to be sufficiently informed as to the operation and mechanism of the car being demonstrated and in accelerating the motor of the vehicle, causing it to move forward and strike the plaintiff. . . . The defendants denied that they were negligent and alleged that Williams' injuries were the result of his own negligence.

After we affirmed the jury verdict against the defendants, Levi Williams, the plaintiff, collected one-half of that judgment from defendants Andresen and Clark and the other half from defendant Chrysler Motors Corporation (hereinafter referred to as Chrysler). Chrysler then brought this action against Andresen and Clark, seeking judgment in an amount equal to what it had paid Levi

Williams, and this appeal is taken from a dismissal of that claim.

The action was predicated on the indemnification theory of law that Chrysler, as principal, was entitled to recover from defendants, its agents, whatever Chrysler had paid Mr. Williams on account of the injuries he suffered through the negligence of its agents. Chrysler argued that the judgment against it in the prior action was founded solely on the basis of constructive liability and that it was therefore entitled to this indemnification. *See Rufener v. Scott,* 46 Wn.2d 240, 280 P.2d 253 (1955). Interestingly, its present position on the agency question is exactly contrary to the position taken by it in the earlier cause. Chrysler then alleged that Andresen was not authorized to demonstrate or sell the automobile and, because the car had been left with Andresen only for storage, defendant Clark was not its agent at the time Mr. Williams was injured.

With equal vigor it now urges otherwise. It insists that an agency relationship did exist and that the jury so found. We must agree. The jury did consider the question and did find that such relationship existed. We referred to that fact in *Williams,* 63 Wn.2d at 651:

> In this case, there was not only the presumption of agency, but there was also evidence that it was the custom of Chrysler Motors Corporation to turn field cars over to Andresen for sale to customers when they had been driven about 2,000 miles. The automobile involved in this suit had been driven around 1,500 miles. Andresen testified that he had told Ogle he would try to sell it when Ogle left it on the lot. Ogle testified that he did not hear this statement, and that no authority to sell or demonstrate the car was given to Andresen. A supervisor of Chrysler Motors Corporation testified that Ogle had no right to give such authority. Thus, the evidence was in conflict on the question whether Andresen was authorized to demonstrate and/or sell the automobile, and the jury was the proper body to decide the question.

The jury decided that Chrysler had left its automobile with Andresen to demonstrate and sell. That is apparent

because it brought in a verdict against Chrysler after being charged as follows:

### INSTRUCTION No. 19

If you find from a fair preponderance of the evidence in this case that the Plymouth automobile here involved was left on the premises of Andresen Motor Co. solely for the purpose of storage and that the defendants Andresen, or its employees, had no permission, express or implied, to demonstrate said automobile to the plaintiff or anyone else, then I instruct you that . . . the defendant . . . Chrysler Motors Corporation, can [not] be held liable to the plaintiff for any injuries by him sustained.

■ Although we are satisfied that the question of agency was decided under appropriate instructions, it does not follow that we consider Chrysler's liability to have been predicated solely on that basis. The trial court here found otherwise and we agree with it, *i.e.*, Chrysler was in fact actively negligent.

The record supports that finding. Mr. Clair Ogle, a Chrysler employee, had driven the automobile as a field car for approximately 1,500 miles. The jury found that he left the car with defendants to demonstrate and sell and that Mr. Williams was injured while the automobile was being demonstrated to him. Otto F. Smith, the Andresen Motor Company service manager, testified that the automobile was brought to him after the accident and he found the push-button selector panel for the transmission to be malfunctioning. He said that when the neutral button was pushed in, the drive button would come out but that the forward drive gear would still be engaged. The car would then move forward when the engine was accelerated. Mr. Williams was injured in that manner.

Chrysler owned, and through its employee, operated the automobile at the time it left the car with Andresen for demonstration and sale. Although it was chargeable with knowledge of the operational limitations of the vehicle[1]

---

[1]In *Williams v. Andresen*, 63 Wn.2d 645, 388 P.2d 725 (1964), at 650, we stated that the evidence "showed an operational limitation of the automobile" that justified an application of the rule laid down in *Woods v. Goodson*, 55 Wn.2d 687, 349 P.2d 731 (1960).

(*Woods v. Goodson,* 55 Wn.2d 687, 349 P.2d 731 (1960)), the record is clear that it failed to warn the defendants of the defect, knowing full well that the automobile would be used and that such users would rely on the operational adequacy of the transmission system.

The trial court found that Chrysler had a duty to warn Andresen and Clark of the defect and that it failed to do so. It further found that such failure to warn constituted active negligence on the part of Chrysler and that such act was a material and proximate cause of the injuries to Levi Williams. We agree.

For the foregoing reasons, Chrysler is not entitled to recover from defendants. The judgment is affirmed.

HUNTER, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.