KENNEDY VEHICLE

[No. 122-3.    Division Three.    December 7, 1970.]

ERNEST R. CAVANAUGH *et al., Respondents,* v. ELMER G. BREWINGTON *et al., Appellants.*

758

*Charles T. Sharp,* for appellants.

*Jay Roy Jones,* for respondents.

PER CURIAM.—Plaintiffs, Ernest and Audrey Cavanaugh, brought this action seeking reformation of a deed to property which they purchased from defendants, Elmer and Diane Brewington. From a decree granting reformation, defendants appeal.

■ In support of their action, plaintiffs claimed they purchased a tract of land in Asotin County, consisting of improved and unimproved property. After the deed was delivered and money paid, plaintiffs learned that defendants' deed conveyed only the improved portion of the tract. Their action sought to have the deed reformed to add the unimproved portion. The defendants denied plaintiffs' right to reformation. The testimony presented by the plaintiffs and the defendants was conflicting. The trial judge after viewing the property evaluated the conflicting evidence and determined to grant reformation based upon the unilateral mistake of plaintiffs and inequitable conduct of the defendants. In his conclusions of law, he said:

> [T]he burden of proof upon the plaintiffs to establish the right to the remedy of reformation is established by clear cogent and convincing evidence, and in fact, to a decree [*sic*] of proof beyond a reasonable doubt.

It is clear that reformation may be granted upon the unilateral mistake of one party accompanied by inequitable conduct on the part of the other, where such facts are proved by evidence that is clear, cogent and convincing. *Kaufmann v. Woodard,* 24 Wn.2d 264, 270, 163 P.2d 606 (1945).

■ This is a factual appeal. It is evident the trial judge, after evaluating the testimony of the parties in light of his view of the premises, chose to believe the testimony of the plaintiffs. The testimony presented by the plaintiffs, if believed, constituted substantial evidence in support of the trial court's findings of fact. The constitution does not authorize us to substitute our findings for those of the trial

court. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Jones v. National Bank of Commerce*, 66 Wn.2d 341, 344, 402 P.2d 673 (1965).

Defendant contends the trial court failed to make findings on material issues which are factually determinative of the case. We disagree. The trial judge's oral opinion resolves any doubt on the issue. *Heikkinen v. Hansen*, 57 Wn.2d 840, 360 P.2d 147 (1961). Likewise, there was no error in denying the defendants' motion to amend the findings under CR 52(b) to include certain proposed findings of fact.

Judgment affirmed.