[No. 858-1.   Division One—Panel 2.   April 5, 1971.]

*In the Matter of the Welfare of* ROBIN MAYLYNN REESING, *a Minor.*

RONALD REESING, *Petitioner.*

*William H. Mullen,* for appellant.

*Slade Gorton, Attorney General,* and *Robert W. Dickey, Assistant,* for respondent.

SWANSON, J.—This is a child custody matter before this court on a writ of certiorari sought by Ronald Reesing[1] to review an order of the Juvenile Court of King County, on the petition of the mother Diana Reesing, declaring Robin Maylynn Reesing, a 4-year-old girl, to be a dependent child under RCW 13.04.010. The order provided that the child remain temporarily in the custody of the Department of Social and Health Services, Division of Public Assistance, King County Office, until further order of the court. Both parents were given separate visitation rights under reasonable conditions established by the department.

The findings of fact entered by Judge Elston were as follows:

I. The child, Robin Maylynn Reesing, resides in a home with her father, Ronald Reesing, and with his friend and habitual guest, Mr. Franklin Isaacs. Diana

---

[1]Ronald Reesing is the husband of Diana Reesing and the petitioner herein.

Reesing, the mother, is not presently residing in the home with the child.

II. There are numerous visitors to the child's home who have the Submarine Room as a focus for their acquaintanceship. None of these visitors are shown to have provided for the welfare of the child. The circumstances of the visits have evidenced a lack of concern by the father for the welfare of the child.

III. Mr. Franklin Isaacs is planning for sex change surgery and he, on occasion, wears female apparel, in the presence of the child.

IV. The child's father, Mr. Reesing, is unemployed and has not demonstrated a determined intent to attempt to procure employment.

V. There is an appearance of a relationship between persons within the home which are likely to cause the child future humiliations, embarrassments and degradations.

Petitioner Ronald Reesing states that the evidence does not support the findings but, with the exception of findings 2, 4, and 5, fails to set out in his brief the findings claimed to be erroneous. He has failed to follow the explicit provision in CAROA 43 that:

No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief.

As for findings 2, 4 and 5 which are set out in petitioner's brief, there is ample evidence to support the determination of the juvenile court.

Petitioner also argues that the findings do not support the conclusions of law and the court's order of November 5, 1970. We disagree. The findings clearly support the conclusion that the parents have not provided a fit home for the child; thus the juvenile court, under RCW 13.04.010(3)[2] is

---

[2]RCW 13.04.010 states in part: ". . . 'dependent child' shall mean any child . . . (3) [W]hose home by reason of neglect, cruelty or depravity of his parents or either of them, or on the part of his guardian, or on the part of the person in whose custody or care he may be, or for any other reason, is an unfit place for such child; or . . ."

authorized to declare the child a dependent. We find no abuse of the juvenile court's discretion and judgment in entering the order appealed from. *See Todd v. Superior Court,* 68 Wn.2d 587, 414 P.2d 605 (1966).

Petitioner Reesing also assigns error to the trial court's failure to grant his motions to dismiss for lack of sufficient evidence. A review of the record indicates ample evidence to support the petition.

█ Lastly, Ronald Reesing, husband of Diana Reesing who is the mother of the child, assigns error to Diana Reesing's petition which alleged that the child was dependent as defined by RCW 13.04.010. He states that her petition was duplicitous because it names Franklin Isaacs as the father of the child. But Ronald Reesing fails to argue why it is duplicitous and offers no citations of authority to show that such an allegation renders the petition fatally defective. We will not consider a proposition not supported by cited authority unless it appears on its face to be well taken. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 372 P.2d 193 (1962); *Jones v. National Bank of Commerce,* 66 Wn.2d 341, 402 P.2d 673 (1965); *State v. Rutherford,* 66 Wn.2d 851, 405 P.2d 719 (1965). It does not so appear.

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.