[No. 7656–6–I.   Division One.   July 14, 1980.]

RUTH J. GREEN, *Appellant,* v. DENNIS C. BURRILL, ET AL, *Respondents.*

*Richard P. Beaudry, Beaudry & Herman,* and *Bruce Hand,* for appellant.

*James M. Beecher* and *Hackett, Beecher, Hart, Branom & Vavrichek,* for respondents.

JAMES, A.C.J.—This is an appeal from a summary judgment dismissing a wrongful death action. We affirm.

The circumstances of the accident are not in dispute. Plaintiff Green's daughter was killed while riding as a passenger in the Volkswagen owned by the defendants Burrill. The vehicle was being driven at the time of the accident by Dennis Burrill, a friend of plaintiff Green's daughter.

The Volkswagen was involved in a head–on collision on a 2–lane highway in Snohomish County. The driver of the other car was attempting to pass a third vehicle and was the disfavored driver in the accident. In his deposition, the other driver stated that when he began his passing maneuver, he thought the Volkswagen was one–half to two–thirds of a mile away because of the appearance of its headlights. Halfway through the passing maneuver, he realized that the Volkswagen was much closer but was unable to avoid the head–on collision.

The Burrill 1962 Volkswagen had been stolen and wrecked shortly before the time of the accident. The front fenders had been so badly damaged that the headlights could not be replaced as originally installed. The Burrills elected to install "Baja" type headlights.[1] The lights on the Burrills' Volkswagen were placed so that the inner edges of the rims were approximately 12 inches apart.

---

[1]"Baja" type headlight conversion kits are advertised and sold by automobile parts stores and catalog stores such as Sears Roebuck. They are designed to permit the positioning of headlights closer together than standard automobile headlights.

After the lights had been installed, they were inspected and approved by the police chief of Granite Falls, the city of the Burrills' residence.

By affidavits, Green presented testimony of several experts which can be fairly summarized by the statement of a Washington State Patrol officer that in his opinion the placement of the headlights on the Burrill Volkswagen was deceptive. He stated:

> After dark, on unlighted roads, one of the primary factors relied upon in judging the distance of an oncoming car is the distance between the headlights of that car. If placed close together, car headlights cause an oncoming driver to believe the car having headlights so placed is further away than it actually is. The result of such deception can be a collision. Customarily car headlights have been placed and now are placed as far apart as practicable and automobiles manufactured for sale in the United States, must, pursuant to Federal law and regulation, have headlights placed as far apart as practicable.

In summary, Green argues that "[i]rrespective of statute or regulation and the requirements of custom and usage," a question of fact is presented as to whether the Burrills breached a duty owed their passenger, Green, by operating their Volkswagen after dark with its deceptive front light configuration.

Green presented no evidence which established that the placement of the Burrill Volkswagen's headlights violated any regulation or statute. The applicable Washington statute concerning the placement of the headlights on the Burrill car is RCW 46.37.040, which provides as follows:

> (1) Every motor vehicle shall be equipped with a least two head lamps with at least one on each side of the front of the motor vehicle, which head lamps shall comply with the requirements and limitations set forth in this chapter.
>
> (2) Every head lamp upon every motor vehicle shall be located at a height measured from the center of the head lamp of not more than fifty–four inches nor less than twenty–four inches to be measured as set forth in RCW 46.37.030(2).

When RCW 46.37 (vehicle lighting and other equipment) is read in its entirety, it is apparent that although the height from the ground level is regulated, the distance between headlights is not. Motorcycles, for example, are permitted two headlights which would necessarily be placed much closer together than the average distance on automobiles.

Absent a statutory violation, *see Woods v. Goodson,* 55 Wn.2d 687, 349 P.2d 731 (1960), a driver is liable for negligently operating a defective vehicle only in limited circumstances. Our Supreme Court has stated:

> An automobile is not *per se* a dangerous instrumentality. . . .
>
> The case at bar is not pleaded on a theory of strict or absolute liability. It is rested upon the alleged negligence of defendant. The standard of conduct required of defendant upon this theory of the case may be defined by stating the essential elements of plaintiff's proof, if he is to recover. They are that, at the time defendant's automobile went upon the highway, (1) it was defective, (2) defendant knew or, as a reasonable man, should have known of the defect and of the reasonable likelihood that it would cause injury, (3) the defect proximately caused the injury to plaintiff, and (4) the damages he sustained.

(Citations omitted.) *Nawrocki v. Cole,* 41 Wn.2d 474, 478, 249 P.2d 969, 35 A.L.R.2d 799 (1952). Nothing in the record justifies the inference that the Burrills knew or should have known of the claimed defective condition of the headlight system. They copied the design from advertisements in national auto magazines, obtained assurance from the Granite Falls police chief that the system was acceptable, and are not chargeable with any special expertise relating to design of headlight systems in general.

Although issues of negligence "are ordinarily not susceptible of summary adjudication," nothing precludes a court from deciding such issues as a matter of law. 6 J. Moore & J. Wicker, *Federal Practice* ¶ 56.17[42], at 56–946 (2d ed. 1980). *Accord, LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975). The undisputed facts raise no inference

from which a reasonable person could conclude that the Burrills violated any duty owed to Green. The trial judge did not err.

Affirmed.

WILLIAMS and ANDERSEN, JJ., concur.